[No. 980-2.    Division Two.    November 1, 1974.]

GEORGE D. KING, *Appellant,* v. The DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Gary W. Rentel* (of *Combs & Small*), for appellant.

*Slade Gorton, Attorney General,* and *Tracy B. Madole, Assistant,* for respondent.

ARMSTRONG, J.—This is an appeal by the plaintiff, George D. King, from a superior court judgment granting a motion for dismissal. In dismissing, the court held that a prior court appeal had determined that plaintiff's psychiatric

condition was not related to his industrial injury in 1962.[1] If there was a valid court order entered in the prior appeal *clearly* segregating and rejecting the psychiatric condition, the denial of any relationship to the industrial injury would be res judicata and could not be litigated in this appeal. The aggravation of the psychiatric condition, proximately caused by plaintiff's industrial injury, and the extent of permanent disability resulting therefrom, were the only issues presented to the court in this proceeding. The court's finding of fact in the prior appeal provided:

> This court finds, however, that plaintiff's psychiatric disability as contended by him resulting from this industrial injury does not carry sufficient weight to overcome the board's decision that *the plaintiff did not suffer any permanent partial disability from a psychiatric standpoint as a proximate result of his industrial injury of October 15, 1962.*

(Italics ours.)

The trial court in this appeal held that this finding of fact was a valid denial of responsibility order as to any psychiatric condition the plaintiff sustained as a result of his industrial injury, and the principle of res judicata would be applicable. We do not agree that the finding of fact *clearly* denied responsibility for plaintiff's psychiatric condition, as it related to his industrial injury, and therefore find that the principle of res judicata is not applicable.

The applicable facts reveal that claimant sustained a low back injury in the course of his employment on October 15, 1962. His claim was allowed by the Department of Labor and Industries and he received medical treatment including hospitalization. On May 1, 1964, his claim was closed by the Department of Labor and Industries with an award of 25 percent of the maximum amount allowable for unspecified disabilities. No order denying responsibility for plaintiff's psychiatric condition was entered by the department. On

---

[1] The prior aggravation appeal was determined by a different judge of the Pierce County Superior Court. The record discloses no memorandum opinion or transcribed oral opinion in the former court appeal.

November 8, 1965, the plaintiff filed an application to re-open his claim for aggravation of his condition. The department denied his application to reopen his claim, holding that there was no aggravation of his condition. From that order the plaintiff appealed to the Board of Industrial Insurance Appeals. Hearings were held and the board, in the first aggravation appeal, found that the condition resulting from his industrial injury was not aggravated between the terminal dates of 1964 and 1966. In doing so, the board adopted the findings of the hearings examiner. The findings held that his organic condition caused by his industrial injury had not become aggravated, and also that on May 4, 1966, the plaintiff suffered psychiatric conditions which were extensive but not related to his industrial injury, and his psychiatric condition was not aggravated between the terminal dates in issue. Finding of fact No. 4 which related to a segregation and rejection of plaintiff's psychiatric condition was, therefore, twofold in nature. In setting forth the finding we have added the bracketed numerals to illustrate the twofold nature of the finding. The board finding in the first aggravation of condition appeal provided:

[1] On May 1, 1964, the claimant suffered from conditions of psychiatric origin which were extensive but not related to his industrial injury, having more probably than not evolved some years prior thereto. [2] *The evidence in this record is insufficient to show that on March 3, 1966, the claimant suffered any problems of psychiatric origin any more disabling than those he had suffered either prior to his industrial injury or on May 1, 1964, the first terminal date here in issue.*

(Italics ours.)

An analysis of the finding reveals that if the board was relying solely upon the rejection of plaintiff's psychiatric condition as set forth in [1], the inclusion of that portion of the finding the court adopted, as set forth in [2] was entirely superfluous. An analysis of the court's finding reveals that the court rejected in its entirety the finding relative to the aggravation of plaintiff's organic condition and accepted only the latter portion of the psychiatric condition finding

in which the board set forth a twofold holding. The court's finding in the prior appeal provided:

6. That this court finds the evidence preponderates in favor of the plaintiff; that from an organic standpoint there is a strong showing of physical disability which preponderates and shows that plaintiff's disability became aggravated between May 1, 1964, and March 3, 1966. That there was, in fact, an aggravation in the amount of an additional 35% of the maximum allowable for unspecified disabilities for organic condition, this court further finds that plaintiff's disability as a result of this aggravation due to his industrial injury from an organic standpoint equalled a total amount of 60% of the maximum allowable for unspecified disabilities on or about March 3, 1966.

7. This court finds, however, that plaintiff's psychiatric disability contended by him resulting from this industrial injury does not carry sufficient weight to overcome the board's decision that *the plaintiff did not suffer any permanent partial disability from a psychiatric standpoint as a proximate result of his industrial injury of October 15, 1962.*

(Italics ours.)

■ The counsel for the department vigorously argues that the alleged deterioration of plaintiff's psychiatric condition was *judicially determined* to be not related to the 1962 industrial injury. We cannot agree. Fundamental fairness requires that to constitute such a specific rejection of plaintiff's psychiatric condition a claimant must be clearly advised that any relationship between his psychiatric problems and his injury is finally determined. Finding of fact No. 7 is not a model of clarity. However, in our opinion it is no more and no less than a determination that "the plaintiff did not suffer any permanent partial disability from a psychiatric standpoint as a proximate result of his industrial injury of October 15, 1962." In the absence of a clear and unmistakable final finding that a condition is neither caused by nor aggravated by an industrial injury, a workman should not be precluded from thereafter litigating the causal relationship between the injury and his condition.

If the court had intended to adopt the first portion of the board's finding of fact No. 4, it could have found, as did the board, that "the claimant suffered from conditions of psychiatric origin which were extensive but not related to his industrial injury, the court's order in the prior appeal was guage, the court obviously rejected it.

Since there was no clearly specific *judicial finding* that plaintiff's psychiatric condition was not related to his industrial injury." In failing to adopt that unequivocal lannot res judicata as to future aggravation of plaintiff's psychiatric condition. It has been consistently held that a determination of disability, from which there has been no appeal, is res judicata as to the extent of disability existing at the time of the final order but it is not res judicata as to any aggravation of disability occurring subsequent to that date. *See Karniss v. Department of Labor & Indus.*, 39 Wn.2d 898, 239 P.2d 555 (1952).

Reversed and remanded for a new trial.

PEARSON, C.J., and PETRIE, J., concur.