[No. 48948-8-I. Division One. August 19, 2002.]

MARY J. SOMSAK, ET AL., *Respondents*, v. CRITON TECHNOLOGIES/HEATH TECNA, INC., *Appellant*.

86

*Gordon C. Klug* (of *Eims & Flynn, P.S.*), for appellant.

*Christine A. Foster* (of *Foster Law Office, P.S.*), for respondent Mary J. Somsak.

*Christine O. Gregoire, Attorney General,* and *John R. Wasberg, Assistant,* for respondent Department of Labor and Industries.

APPELWICK, J. — A jury found that Mary J. Somsak's industrial insurance benefits did not include compensation she was entitled to for overtime hours and health care benefits. A superior court judge remanded the case for valuation of her health care benefits and recalculation of her compensation. Criton appeals.

It was during Somsak's appeal that the Court of Appeals and the Supreme Court interpreted the Industrial Insur-

ance Act, Title 51 RCW, to include health care benefits paid by an employer in the time-loss compensation calculation. *Cockle v. Dep't of Labor & Indus.*, 96 Wn. App. 69, 86, 977 P.2d 668 (1999), *aff'd*, 142 Wn.2d 801, 823, 16 P.3d 583 (2001). After the Court of Appeals decision was filed, Somsak argued for the first time that she was also entitled to consideration of health care benefits. By doing so, she preserved the issue. But the law regarding valuation of health care benefits was unsettled at that time. Somsak's failure to present valuation evidence under these peculiar facts does not defeat her claim as a matter of law. Rather, she is entitled to a determination of that issue on remand. We must, however, reverse the superior court's direction to the Department of Labor and Industries on how to calculate the payments due to Somsak. Accordingly, we affirm in part and reverse in part.

## FACTS

From 1980 to 1984, Mary J. Somsak was employed at Criton Technologies,[1] a self-insured company. While at Criton, Somsak suffered from respiratory occupational disease. She received monthly industrial insurance benefits from the Department of Labor and Industries from 1985 to 1989, when the claim was ordered closed for a permanent partial disability award of Category 5. *See* RCW 51.32.080; WAC 296-20-380(5).

On February 5, 1998, the Department issued a monthly wage order to Somsak. That order explained—for the first time—the factual basis underlying the time-loss compensation. That order stated, in part: "The monthly wage was calculated using $6.18 per hour, 8 hours per day, 5 days per week."

Somsak filed a timely protest of that order, contending that she regularly worked overtime.[2] On February 22, 1999, the Department affirmed its monthly wage order.

Somsak appealed to the Board of Industrial Insurance

---

[1] Criton Technologies was formerly known as Heath Tecna, Inc.

[2] Somsak also claimed that her hourly rate was higher. But that issue is not before us in this appeal.

Appeals. Again, Somsak argued that her monthly industrial insurance benefits should be higher because she regularly worked overtime. Relying upon a recently-decided Court of Appeals case, she also argued that her industrial insurance benefits should reflect the value of health care benefits she had been receiving. *See Cockle* (interpreting the Industrial Insurance Act to include in time-loss compensation health care benefits paid by an employer). The Board held a hearing, during which Somsak and Criton presented testimony.

An Industrial Appeals Judge (IAJ) issued a proposed decision and order, concluding that the Department's February 22, 1999 order was correct. On May 3, 2000, the Board denied Somsak's petition for review and adopted the IAJ's proposed decision and order.

On May 15, 2000, Somsak appealed to King County Superior Court. Then, on January 18, 2001, the Supreme Court published an opinion affirming the Court of Appeals case in *Cockle*. *Cockle*, 142 Wn.2d at 823 (affirming *Cockle*, 96 Wn. App. 69).

At a pretrial hearing on May 10, 2001, the superior court observed that the record did not contain evidence of the value of Somsak's health care benefits. It, however, noted that the law on the issue was unsettled when she presented evidence to the Board. It therefore concluded that Somsak was not required to present value evidence to the Board. Because such evidence was not part of the record, the jury was not required to find the value of her health care benefits. Instead, the superior court determined that the issue should be decided on remand.

The superior court held a three and one-half day jury trial on evidence and testimony that was offered to the Board. The issues presented to the jury are summarized as follows:

(1) Was the [Board] correct in finding that [Somsak] is not entitled to consideration of health care benefits provided by her employer in the calculation of her total disability benefits?

(2) Was the [Board] correct in finding that [Somsak] worked forty (40) hours per week, five (5) days per week?

. . . .

(3)(a) [If not,] [w]hat is the number of overtime hours [Somsak] normally worked per month?

The jury found that Somsak worked 48 hours of overtime per month at the time of her occupational disease. It also found that she received health care benefits from Criton during that time and that she was entitled to consideration of those benefits. In an order dated July 9, 2001, the superior court remanded the case back to the Department for (1) a valuation of Somsak's health care benefits, (2) a recalculation of her time-loss compensation, and (3) payment of the difference between the benefits paid and new amount of benefits. The superior court also awarded Somsak attorney fees and costs. Criton appeals.

## ANALYSIS

Criton contends that Somsak's protest and subsequent appeals are barred by res judicata and laches. In the alternative, it argues that it is entitled to judgment as a matter of law on the issues presented to the jury. Criton also disputes the superior court's evidentiary rulings and attorney fees award.

■ A Board of Industrial Insurance Appeals final decision is prima facie correct. RCW 51.52.115. An appeal of such a decision is heard de novo by the superior court. RCW 51.52.115. An appellant can attack the Board's findings "by demonstrating to a trier of fact, at trial in superior court, that the evidence preponderates against those findings." *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 482, 40 P.3d 1221 (2002).

■ The Court of Appeals' review of the superior court's decision " 'is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the

court's conclusions of law flow from the findings.' " *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5-6, 977 P.2d 570 (1999) (quoting *Young v. Dep't of Labor & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402 (1996)).

## I. Res Judicata

Somsak received three orders regarding her industrial insurance benefits that she did not protest. One order, dated March 8, 1989, closed her claim. And two orders were issued in 1996, reflecting adjustments made to her monthly benefits. It is undisputed that none of these orders detailed the underlying factual basis for her time-loss compensation.[3] Even so, Criton contends that the doctrine of res judicata bars Somsak's protest and subsequent appeal. The superior court disagreed.

■ The doctrine of res judicata prohibits litigation of claims that could have been litigated in a prior action. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 537-38, 886 P.2d 189 (1994). That doctrine applies equally to a final adjudication issued by the Department of Labor and Industries. *Marley*, 125 Wn.2d at 537. Under res judicata, an appeal is barred if it is identical in subject matter, cause of action, persons and parties, and the quality of the persons for or against whom the action is taken. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995).

In an industrial appeals case, our Supreme Court explained that "[a]n unappealed Department order is res judicata as to the issues encompassed within the terms of the order, absent fraud in the entry of the order." *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 169, 937 P.2d 565 (1997). "Fundamental fairness" requires that a claimant must be clearly advised of the issue before it will be barred by the doctrine of res judicata. *King v. Dep't of Labor & Indus.*, 12 Wn. App. 1, 4, 528 P.2d 271 (1974).

■ The orders that Somsak did not protest failed to clearly advise her of time-loss compensation's underlying

---

[3] We note that even the Department acknowledges that the previous orders it issued to Somsak failed to explain the underlying factual basis.

factual basis. Those orders did not state the hours worked or the rate of pay. They also did not mention health care benefits. The factual basis underlying Somsak's time-loss compensation is therefore not an issue encompassed within the terms of those orders. As soon as Somsak received an order informing her of the hours worked and rate of pay on which her time-loss compensation was based, she timely protested. Under these circumstances, fundamental fairness precludes the application of res judicata. The superior court correctly concluded that Somsak's appeal is not barred.

## II. Laches

Criton urges this court to conclude that Somsak's protest and subsequent appeals are barred by the doctrine of laches. The superior court concluded that laches did not bar Somsak's action.

■■ "Laches is an implied waiver arising from knowledge of existing conditions and acquiescence in them." *Buell v. City of Bremerton*, 80 Wn.2d 518, 522, 495 P.2d 1358 (1972). The doctrine of laches bars a cause of action if the defendant establishes that (1) the plaintiff knew, or had a reasonable opportunity to discover, the facts constituting a cause of action; (2) the plaintiff unreasonably delayed commencing an action; and (3) the defendant was materially prejudiced by the delay in bringing the action. *Davidson v. State*, 116 Wn.2d 13, 25, 802 P.2d 1374 (1991).

■ Under the industrial insurance system, workers injured on the job receive "a swift, certain no-fault remedy." *Kingery*, 132 Wn.2d at 169. "In exchange for this guaranteed compensation, the injured worker gives up [his or] her right to other legal remedies for [his or] her injury." *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 668, 989 P.2d 1111 (1999). The "Industrial Insurance Act is a self-contained system that provides specific procedures and remedies for injured workers." *Brand*, 139 Wn.2d at 668.

■ There is "a very narrow equitable power in the courts . . . to set aside actions of the Department [of Labor

& Industries]." *Kingery*, 132 Wn.2d at 173. That power is, however, "rarely exercised." *Kingery*, 132 Wn.2d at 173. Our Supreme Court has recognized the importance of respecting the positive rules established by the Industrial Insurance Act. *Kingery*, 132 Wn.2d at 175. In order to do so, courts must resist the dangerous act of inserting variable rules into the industrial insurance system. *Kingery*, 132 Wn.2d at 175.

 Applying the doctrine of laches to an industrial insurance case may be at odds with the legislature's directive to liberally construe the Industrial Insurance Act. RCW 51.12.010 (explaining that the Industrial Insurance Act must be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment"). Under the facts of this case, Criton has not justified the rare application of such equitable powers. We therefore affirm the superior court's conclusion that laches does not apply to this case.

III. Stricken Evidence

Before trial, the superior court excluded some evidence that Criton presented to the Board. Specifically, the superior court excluded testimony from a person not qualified as an expert witness. It also excluded as irrelevant documents supporting Criton's res judicata and laches arguments, which the superior court had already rejected. On appeal, Criton alleges that the superior court's evidentiary rulings were erroneous.

 In a review of a Board's decision, the superior court "is entitled to independently resolve questions relating to the admissibility of evidence." *Sepich v. Dep't of Labor & Indus.*, 75 Wn.2d 312, 316, 450 P.2d 940 (1969). This court will not reverse a superior court's evidentiary rulings absent an abuse of discretion. *Sunbreaker Condo. Ass'n v. Travelers Ins. Co.*, 79 Wn. App. 368, 372, 901 P.2d 1079 (1995).

The argument presented by Criton alleges that the superior court committed "serious error" because it prevented

the jury from thoroughly evaluating its arguments. Based on our review of the record, we find no abuse of discretion. We therefore affirm the superior court's exclusion of the challenged evidence.

IV. Judgment as a Matter of Law

 A party is entitled to judgment as a matter of law if, considering all facts and reasonable inferences in the light most favorable to the opposing party, no genuine issue of any material fact exists. CR 56(c); *Marquis v. City of Spokane*, 130 Wn.2d 97, 105, 922 P.2d 43 (1996).

A. Valuation of Health Care Benefits

Criton and the Department contend that Criton is entitled to judgment as a matter of law on the health care benefits issue.

 "In an appeal before the board, the appellant shall have the burden of proceeding with the evidence to establish a prima facie case for the relief sought in such appeal . . . ." RCW 51.52.050. "[T]he appealing party shall initially introduce all evidence in his or her case-in-chief . . . ." WAC 263-12-115(2)(a); *see* RCW 51.52.102. The party appealing findings and decision from the Board has the burden to produce sufficient substantial facts in support of his or her case. *Sayler v. Dep't of Labor & Indus.*, 69 Wn.2d 893, 896, 421 P.2d 362 (1966).

 Under current law, the value of health care premiums paid by an employer is part of the calculation to determine industrial insurance benefits. *Cockle*, 142 Wn.2d at 823. But at the time Somsak filed her initial protest, the law was unsettled. The Court of Appeals decision in *Cockle* instructed the Department to value health care benefits.[4] *Cockle*, 96 Wn. App. at 78. The Court of Appeals decision was filed while Somsak was protesting the order. Somsak raised the health care benefits issue at this point, but

---

[4] Specifically, the Court of Appeals stated: "A person charged with ascertaining the reasonable value of [health care benefits] must examine all pertinent factors to determine what the hypothetical objective buyer would pay the hypothetical objective seller on the open market." *Cockle*, 96 Wn. App. at 78; *see Cockle*, 142 Wn.2d at 820-21 (rejecting this method of valuation).

presented no evidence to establish the value of those benefits. We find under these facts that Somsak preserved the issue.[5]

Under the unique circumstances presented in this case, Criton is not entitled to judgment as a matter of law on the health care benefits issue. Fundamental fairness requires that this issue be fully litigated. We therefore affirm the portion of the superior court's remand ordering presentation of evidence on the valuation of Somsak's health care benefits.

B. Overtime

Criton alleges that Somsak presented "absolutely no credible evidence" to support her claim that she worked more than eight hours per day, five days per week at the time of her occupational disease. It therefore maintains that it is entitled to judgment as a matter of law.

 As an initial matter, the jury—not the appellate court—"resolves contradictory evidence by making credibility determinations." *State v. Campos*, 100 Wn. App. 218, 224, 998 P.2d 893, *review denied*, 142 Wn.2d 1006 (2000). The record contains disputed evidence on how many hours Somsak worked per week at the time of her occupational disease. Therefore, we conclude that Criton is not entitled to judgment as a matter of law on the overtime issue. We further note that the jury's finding that Somsak worked 48 hours of overtime per month was within the range of the evidence presented.

---

[5] We note that after the conclusion of the Board's proceedings in this case, the Supreme Court rejected the Court of Appeals' method of valuation:

[W]e would reject as unnecessary the Court of Appeals' requirement that the "reasonable value" of a benefit like health care coverage be measured by its *hypothetical* market value rather than simply by the monthly premium *actually* paid by an employer to secure it—or, in the case of a group plan, the worker's portion thereof.

*Cockle*, 142 Wn.2d at 820-21. Thus, even if valuation evidence had been presented to the Board in this case in conformance with the Court of Appeals' opinion, that evidence would have been inadequate to satisfy the Supreme Court's method. Under those circumstances, remand for additional evidence would have still been necessary.

## V. Remand

The July 9, 2001 superior court order remanded to the Department with the following directions:

[T]his matter is remanded to the Department of Labor and Industries with direction to recalculate [Somsak's] time loss payments based upon wages of $6.18 per hour, forty hours per week and the additional 48 hours per month of overtime she normally worked as well as the value of employer provided health care benefits *and to thereafter pay [Somsak] the difference between the time loss previously paid since the date of injury and this Court-ordered recalculated amount* and thereafter take such other and further action consistent with the verdict of the jury and Judgment of this court.

(Emphasis added.)

▮ The superior court correctly ordered recalculation of Somsak's time-loss compensation in light of the overtime and health care issues as found by the jury. However, the language in the superior court's order that is emphasized above is too broad. The order as written may be read to encompass facts and payments not before the superior court in its appellate capacity. The order may be read to preclude the Department from consideration of statutory provisions to the contrary. Accordingly, we strike the following portion from the superior court order:

and to thereafter pay [Somsak] the difference between the time loss previously paid since the date of injury and this Court-ordered recalculated amount

## VI. Superior Court's Attorney Fees Award

After the superior court entered judgment in favor of Somsak, it awarded her attorney fees and costs totaling $34,345.12. The superior court arrived at that figure by applying a 1.5 multiplier to the lodestar fee. Criton and the Department dispute the use of the multiplier. Criton also disputes the reasonableness of the number of hours Somsak's attorneys spent on the case and Somsak's attorneys' hourly rate.

▮ Under the Industrial Insurance Act, a worker is entitled to his or her reasonable attorney fees if he or she is

granted additional relief in an appeal. RCW 51.52.130. The reasonableness of the amount of attorney fees is a factual matter within the trial court's wide discretion. *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 566, 825 P.2d 714 (1992). An abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. *Hope v. Larry's Mkts.*, 108 Wn. App. 185, 197, 29 P.3d 1268 (2001).

 In Washington, the preferred method for determining reasonable attorney fees is the lodestar method. *Mahler v. Szucs*, 135 Wn.2d 398, 433, 957 P.2d 632, 966 P.2d 305 (1998). " '[A] "lodestar" fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit.' " *Henningsen v. Worldcom, Inc.*, 102 Wn. App. 828, 847, 9 P.3d 948 (2000) (quoting *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-94, 675 P.2d 193 (1983)).

A deviation from the lodestar fee is justified only based on factors that have not already been taken into account. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993); *Henningsen*, 102 Wn. App. at 847. Adjusting the lodestar fee is appropriate only "in rare instances." *Mahler*, 135 Wn.2d at 434. To the extent, if any, that an attorney's hourly fees take into account the contingent nature of cases, contingency cannot support a multiplier. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 293-95, 951 P.2d 798 (1998).

The superior court found Somsak's attorneys' rates and hours to be reasonable. It entered the following finding regarding the multiplier:

> Given the contingent difficulty of the appeal, the significant risk of defeat that Ms. Somsak's attorneys would ever be paid for their services, the insignificant monetary amount of recovery to [Somsak] and the undesirability of the case to [Somsak's] counsel, it is reasonable to apply the lodestar multiplier of [1.5] to the lodestar calculations for [Somsak's attorneys].

The record contains no indication that the hourly rate claimed by Somsak's attorneys already took into account

the factors relied upon by the superior court. On this record, we cannot state that no reasonable person would take the view adopted by the superior court. We therefore conclude that the superior court did not abuse its discretion by applying a 1.5 multiplier to the lodestar fee.

Regarding Somsak's attorneys' rates and hours, Criton presented no compelling evidence to indicate that they are unreasonable. We therefore find that the superior court did not abuse its discretion by relying on the rates and hours requested by Somsak's attorneys. Accordingly, we affirm the superior court's attorney fees award.

VII. Attorney Fees Award on Appeal

Somsak requests an award of attorney fees on appeal for defending against a frivolous appeal. Criton's appeal was not frivolous. *See* RAP 18.9(a). We therefore decline to award fees for that reason.

Somsak also requests an award of attorney fees on appeal under the Industrial Insurance Act, RCW 51.52.130. Under the Industrial Appeals Act, RCW 51.52.130, the court must award reasonable attorney fees "in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained." RCW 51.52.130. Therefore, we are obligated to award Somsak attorney fees on appeal. We refer this matter to a commissioner of this court to determine a reasonable amount of fees following Somsak's compliance with RAP 18.1.

## CONCLUSION

Somsak's protest and subsequent appeal are not barred by res judicata or laches. Furthermore, Criton is not entitled to judgment as a matter of law on the health care benefits or overtime issues. We find no abuse of discretion in the superior court's exclusion of evidence or its attorney fees award. We award Somsak reasonable attorney fees on appeal.

We strike the portion of the superior court's order that proscribed to the Department on remand how to calculate Somsak's time-loss compensation. But we affirm the superior court in all other respects and award attorney fees on appeal to Somsak.

Accordingly, we affirm in part, reverse in part, and remand to the Department for proceedings consistent with this opinion.

BECKER, C.J., and ELLINGTON, J., concur.