[No. 32001-1-II.   Division Two.   August 23, 2005.]

LOUIS V. CHAVEZ, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*David W. Lauman* (of *Small, Snell, Weiss & Comfort, P.S.*), for appellant.

*Robert M. McKenna, Attorney General,* and *Kay A. Germiat, Assistant,* for respondent.

¶1 QUINN-BRINTNALL, C.J., — Louis Chavez appeals a superior court order affirming a Board of Industrial Insurance Appeals (Board) decision denying Chavez's request for a modification of his worker's compensation time-loss rate. It is undisputed that the rate, which was set forth in a 1998 Department of Labor and Industries (L&I) order, is erroneous as it did not include the amount of Chavez's employer-provided health insurance. But because Chavez did not appeal the 1998 order, and because the erroneous calculation could have been raised in any such appeal, the Board and superior court correctly concluded that the doctrine of claim preclusion barred recalculation of Chavez's time-loss rate. We therefore affirm.

## FACTS

¶2 In March 1998, Chavez was injured in the course of his employment and he filed an application for benefits with L&I.[1] On August 31, 1998, L&I issued an order setting Chavez's time-loss rate after finding that he was temporarily totally disabled. The rate was calculated under RCW 51.08.178, which requires L&I to compute a claimant's monthly cash wages and "the reasonable value of board, housing, fuel, or other consideration of like nature received

---

[1] Chavez also sustained injures to both of his arms for which he received a permanent partial disability award. That award is not at issue in this appeal.

from the employer as part of the contract for hire." But pursuant to L&I's interpretation of RCW 51.08.178, Chavez's time-loss rate did not include the amount of his employer-provided health insurance. Chavez did not appeal L&I's calculation of his time-loss rate. L&I closed Chavez's claim in 2000.

¶3 In January 2001, our Supreme Court issued a decision interpreting RCW 51.08.178 to include employer-paid health insurance in the calculation of a claimant's time-loss rate. *See Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 16 P.3d 583 (2001). Citing *Cockle*, Chavez filed an application to reopen his claim in order to have his time-loss rate recalculated. L&I reopened Chavez's claim but then denied his application. L&I concluded that the 1998 time-loss rate order setting his time-loss rate was final and the *Cockle* decision was not a "change in circumstances" which would warrant the modification of a final order under RCW 51-.28.040.[2] Clerk's Papers (CP) at 30. The Board and superior court affirmed that decision. Chavez appeals.

## ANALYSIS

¶4 Under the Industrial Insurance Act, Title 51 RCW, an action or order by L&I becomes final when it is not appealed within 60 days. Former RCW 51.52.050 (1987); RCW 51.52.060(1)(a). A final L&I judgment carries with it the same preclusive effect as a final superior court order. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 537, 886 P.2d 189 (1994). Claim preclusion, or res judicata, prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). The claim preclusion doctrine has four requirements: (1) the parties in the two successive proceedings are the same,

---

[2] RCW 51.28.040 provides:

If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. Where the application has been granted, compensation and other benefits if in order shall be allowed for periods of time up to sixty days prior to the receipt of such application.

(2) the prior proceeding ended in a final judgment, (3) a party in the second proceeding is attempting to litigate for the first time a matter that should have been raised in the earlier proceeding, and (4) application of the doctrine must not work an injustice. *Hanson v. City of Snohomish,* 121 Wn.2d 552, 562, 852 P.2d 295 (1993).

¶5 Here, Chavez seeks to amend the 1998 time-loss rate order to include his employer-paid health insurance. The first two requirements for application of the claim preclusion doctrine are undisputed: Chavez and L&I are the parties to this action and the 1998 order, which became final when Chavez did not appeal within 60 days. It would also appear that Chavez, like the claimant in *Cockle,* could have appealed the 1998 order and argued that his time-loss rate should include the value of his employer-paid health insurance. Nonetheless, Chavez advances four arguments in support of the position that L&I should be required to recalculate his time-loss rate.[3] We take each argument in turn.

¶6 Chavez first asserts that the 1998 order should not be given preclusive effect because the erroneous time-loss calculation rendered the order void ab initio, that is, void from its issuance. But an L&I order is void ab initio only if L&I lacked either personal jurisdiction over the parties or subject matter jurisdiction over the claim. *Kingery v. Dep't of Labor & Indus.,* 132 Wn.2d 162, 170, 937 P.2d 565 (1997) (plurality). " '[T]he power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct.' " *Marley,* 125 Wn.2d at 543 (quoting *Dike v. Dike,* 75 Wn.2d 1, 8, 448 P.2d 490 (1968)). As it is undisputed that L&I had both personal and subject matter jurisdiction when it issued the 1998 order, Chavez's argument that the order is void ab initio fails.

---

[3] We do not address in this appeal whether (1) the 2001 L&I decision to reopen Chavez's claim affected the finality of the 1998 order, or (2) the *Cockle* decision represented a "change in circumstances" which would allow Chavez to reopen the 1998 order under RCW 51.28.040. Chavez did not brief either issue and, at oral argument, he expressly declined to advance any position on the first issue.

■ ¶7 Chavez next contends that L&I breached its duty as a trustee when it erroneously calculated his time-loss rate. L&I is an administrative body authorized by law to act as trustee of a fund created, established, and maintained for the purpose of providing compensation to workers and their dependents for disabilities proximately caused by industrial accidents or occupational diseases. *Parks v. Dep't of Labor & Indus.*, 46 Wn.2d 895, 897, 286 P.2d 104 (1955). A trustee owes to the beneficiaries of the trust "the highest degree of good faith, care, loyalty, and integrity." *Allard v. Pac. Nat'l Bank*, 99 Wn.2d 394, 403, 663 P.2d 104 (1983).

■ ¶8 To prevail on a breach of fiduciary duty claim, Chavez must show that L&I formulated its interpretation of RCW 51.08.178 without using the judgment and care which persons of prudence, discretion, and intelligence exercise in the management of their own affairs. *See In re Estate of Cooper*, 81 Wn. App. 79, 88, 913 P.2d 393, *review denied*, 130 Wn.2d 1011 (1996).[4] Chavez has presented no such evidence and none appears in this record. Chavez's argument that L&I breached a fiduciary duty to him fails accordingly.

■ ¶9 Chavez next asserts that the 1998 order should not be binding because it did not clearly set forth the basis for the time-loss calculation and, thus, he was not adequately apprised of a need to appeal the order. In *King v. Department of Labor & Industries*, 12 Wn. App. 1, 528 P.2d 271 (1974), this court concluded that claim preclusion did not bar a claimant from seeking an award for aggravation of a psychiatric condition where the original claim had not led to an unambiguous finding regarding the condition's cause. Citing *King*, Division One has held that a claimant may protest an unappealed and final L&I determination of time-loss benefits where the determination failed to advise the claimant of the underlying factual basis for the time-loss compensation. *See Somsak v. Criton Techs./Heath*

---

[4] We note that three justices dissented in *Cockle* and agreed with L&I's interpretation of RCW 51.08.178.

*Tecna, Inc.*, 113 Wn. App. 84, 92-93, 52 P.3d 43, 63 P.3d 800 (2002).

¶10 But *Somsak* does not apply here. Unlike the claimant in *Somsak*, Chavez was informed that his time-loss rate was calculated "based on [a] marital status of married with no dependants and wages at the time of injury of $22.90 per hour, 8 hours per day, 5 days per week." CP at 29. While the 1998 order did not expressly mention that the calculation excluded employer-paid health insurance, such was readily understood from the explicit statement of what *was* included in calculating Chavez's time-loss rate. This is not a case, like that in *Somsak*, where the claimant was left to guess at how the time-loss rate had been calculated.

¶11 Chavez lastly asserts that it is inequitable to deny him the benefit of the *Cockle* decision. Chavez relies on this court's decision in *Department of Labor & Industries v. Fields Corp.*, 112 Wn. App. 450, 45 P.3d 1121 (2002). In *Fields Corp.*, the employer did not timely appeal L&I's award of disability benefits to an injured employee. Nevertheless, this court concluded that it would be inequitable to apply the doctrine of res judicata because, undisputedly, " 'it was impossible'—not just difficult or impractical—for [the employer] to have known within the 60 days prescribed for appeal" that there was any medical evidence to support such an appeal. *Fields Corp.*, 112 Wn. App. at 460.

¶12 The equity exception applied in *Fields Corp.* is " 'very narrow' " and will be " 'rarely exercised.' " *Somsak*, 113 Wn. App. at 93-94 (quoting *Kingery*, 132 Wn.2d at 173). Unlike the party seeking to avoid res judicata's reach in *Fields Corp.*, it was not impossible, let alone difficult or impractical, for Chavez to appeal the 1998 order and argue, like the claimant did in *Cockle*, that his time-loss rate should include employer-paid health insurance. Chavez's time-loss rate order and RCW 51.08.178 provided the tools for such an appeal. *Fields Corp.* is unavailing and Chavez

has failed to show that it would be unjust to hold him to an order which he chose not to appeal.

¶13 Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

Review denied at 157 Wn.2d 1002 (2006).