IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JEREMY MATSON, | ) | No. 36567-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEAN GREEN SPOKANE, | ) | |
| | ) | UNPUBLISHED OPINION |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE DEPARTMENT OF LABOR & | ) | |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — Jeremy Matson appeals a wage order issued under the Industrial

Insurance Act, Title 51 RCW. We affirm.

FACTS

Jeremy Matson suffered an industrial injury and applied for benefits from the

Department of Labor and Industries. The Department allowed Mr. Matson's claim and

issued a wage order of $955.15 per month on September 29, 2011.[1] The September 2011

order informed Mr. Matson he had up to 60 days to file a protest, otherwise the decision

would become final. Mr. Matson filed a timely protest. In it, he challenged the

Department's wage calculation.

The Department issued a corrected wage order On May 7, 2012, lowering Mr.

Matson's monthly wage to $776.29.[2] That order reflected the Department's conclusion

that Mr. Matson's wages stemmed solely from commissions. The May 2012 order also

restated the 60-day deadline for filing a protest. Mr. Matson did not respond. The

Department closed Mr. Matson's claim on July 19, 2013.

On June 4 and 7, 2012, two of Mr. Matson's physicians forwarded treatment

records to the Department. The records referenced Mr. Matson's employment status as

full time. They also documented Mr. Matson's medical circumstances, progress, and

treatment plan. None of the records referenced Mr. Matson's wages or the May 7, 2012,

wage order. Nor did they suggest the Department should take any action inconsistent with

the terms of the May 7 order.

---

[1] The order also stated Mr. Matson's marital status was single, and he had one child. This was relevant to the benefit calculation under RCW 51.32.060 and .090.

[2] Again, the order stated Mr. Matson was single with one child.

More than three years later, on August 3, 2015, Mr. Matson filed an application

with the Department to reopen his claim. He then asked the Department to reconsider the

May 2012 wage order. The Department declined, reasoning the protest period had passed.

Mr. Matson unsuccessfully appealed the Department's denial of reconsideration to

the board of industrial insurance appeals and then to superior court. He argued the June

2012 treatment records from his doctors to the Department constituted a timely protest.

Neither the board nor the superior court agreed.

Mr. Matson appeals.

ANALYSIS

The sole issue on appeal is whether Mr. Matson was barred from challenging the

May 2012 wage order based on the failure to file a timely protest under RCW 51.52.050

and .060.

Washington's Industrial Insurance Act requires a party aggrieved by a department

order to protest the order within 60 days. RCW 51.52.050(1), .060(1)(a). The Act does

not require protests to take any particular form; to be considered a protest,

a communication need not contain magical words such as "protest" or "request for

reconsideration." *Boyd v. City of Olympia*, 1 Wn. App. 2d 17, 29, 403 P.3d 956 (2017).

Nor must a protest be submitted by the worker instead of a third party. RCW

3

51.52.050(2)(a) (A protest may be filed by the worker, beneficiary, employer, or other aggrieved person.). Rather, a communication qualifies as a protest if it reasonably puts the Department on notice that the worker is taking issue with some aspect of the Department's decision. *Boyd*, 1 Wn. App. 2d at 30-31.

The June 2012 treatment records do not qualify as protests. Though the records mentioned in passing that Mr. Matson had worked full time, this was insufficient to constitute a notice of protest. To side with Mr. Matson, we would have to rule the Department should have inferred that: (1) because Mr. Matson was working full time in June 2012, he was also working full time at the time of his injury, and (2) a wage order of $726.29 was insufficient to account for full-time work, even at minimum wage. This requires too many inferential leaps to meet the standard for reasonable notice. Even under the generous standard for protests under the Act, the treatment records submitted in Mr. Matson's case were insufficient to qualify as protests. Accordingly, we hold Mr. Matson failed to protest the May 2012 wage order within 60 days.

To overcome that failure, Mr. Matson cites to *Somsak v. Criton Technologies/Health Tecna, Inc.*, 113 Wn. App. 84, 52 P.3d 43 (2003). He claims that, as in *Somsak*, his wage order did not include information he needed to understand the Department's basis for its decision. Mr. Matson's reliance on *Somsak* is misplaced. *Somsak* turned on the

Department's failure to include information used to calculate the worker's wages in its initial orders, followed by revelation of this information in a subsequent order. The worker in *Somsak* filed a timely protest when she received the Department's final order and the information therein. *Id.* at 93. Here, there was no newly disclosed information for Mr. Matson to protest. His window for challenging the Department's May 2012 order therefore expired 60 days after issuance.

## CONCLUSION

The order on appeal is affirmed. Mr. Matson's request for attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.