IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40700-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ZACHARY GENE BOYCE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Zachary Boyce appeals the sentencing court's inclusion of his felony juvenile adjudications of guilt in his offender score. RCW 9.94A.525(1)(b), which the legislature amended after Boyce committed his current offenses but before his sentencing, prohibits counting most juvenile felony adjudications in an offender score.

Both RCW 9.94A.345 and RCW 10.01.040 require an offender to be sentenced based on the law at the time the offense was committed. The legislature can avoid this result by including language in a new statute that gives it retroactive application. Here, the legislature did not include any language that would give RCW 9.94A.525(1)(b) retroactive application. We affirm the trial court's calculation of Boyce's offender score, which included his juvenile adjudications of guilt.

BACKGROUND

On June 30, 2023, police arrested Zachary Boyce after an anonymous caller reported hearing people yelling inside a house. Boyce's criminal history included several juvenile felony adjudications of guilt. At the time, a defendant's offender score required courts to count a prior violent juvenile felony adjudication of guilt as 1 point and a prior nonviolent juvenile adjudication of guilty as ½ point. Former RCW 9.94A.525(7) (2021).

On May 11, 2023, the legislature enacted Engrossed House Bill 1324, which amended RCW 9.94A.525 to eliminate most juvenile felony adjudications of guilt from being included in a defendant's offender score. LAWS OF 2023, ch. 415, § 2. The legislature codified the amendment at RCW 9.94A.525(1)(b) and gave it an effective date of July 23, 2023. *Id.*

In December 2023, Boyce pleaded guilty to unlawful possession of a firearm in the first degree and felony harassment (intent to kill). Prior to his plea, he reserved the right to appeal the inclusion of his juvenile felony adjudications in his offender score. The trial court sentenced Boyce based on an offender score of 5, which included his prior juvenile felony adjudications.

Boyce appealed to this court.

ANALYSIS

Boyce argues the sentencing court erred by including his prior juvenile felony adjudications in his offender score. The question is whether Boyce's sentence must be based on the law in effect at the time he committed his offenses or at the time of his sentencing. The answer depends on statutory construction, which we review de novo. *State v. Jenks*, 197 Wn.2d 708, 713, 487 P.3d 482 (2021).

We have rejected the arguments raised by Boyce in at least three published opinions—*State v. Gibson*, 33 Wn. App. 2d 618, 563 P.3d 1079, *review denied*, 4 Wn.3d 1035, 570 P.3d 716 (2025); *State v. Troutman*, 30 Wn. App. 2d 592, 546 P.3d 458, *review denied*, 3 Wn.3d 1016, 554 P.3d 1217 (2024); and *State v. Tester*, 30 Wn. App. 2d 650, 546 P.3d 94, *review denied*, 3 Wn.3d 1019, 556 P.3d 1094 (2024). We reject Boyce's argument here.

Both RCW 9.94A.345[1] and the savings clause, RCW 10.01.040,[2] require a defendant to be sentenced based on the law in effect at the time the offense was

---

[1] RCW 9.94A.345 provides: "Except as otherwise provided in this chapter, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."

[2] RCW 10.01.040 provides in relevant part: "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly

committed. The savings clause applies to "substantive changes in the law," which includes changes to "the punishment for offenses or the type of punishments possible." *Jenks*, 197 Wn.2d at 721-22. Because the savings clause is in derogation of common law, the legislature can avoid the savings clause by using less than express language. Retroactivity "'need only be expressed in words that fairly convey that intention.'" *Id.* at 720 (internal quotation marks omitted) (discussing examples of where the legislature included sufficient language in the amended statute to give it retroactive application) (quoting *State v. Ross*, 152 Wn.2d 220, 238, 95 P.3d 1225 (2004)). Here, there is nothing in RCW 9.94A.525(1)(b) that fairly conveys a legislative intent for retroactive application. Boyce does not argue that RCW 9.94A.525(1)(b) contains any such language.

In *Gibson*, the majority refused to apply a precipitating event analysis. 33 Wn. App. 2d at 623. Under that analysis, a statute applies prospectively, not retroactively, if the precipitating event under the statute occurred after the date of enactment. *Jenks*, 197 Wn.2d at 722. Application of a precipitating event analysis would likely result in RCW 9.94A.525(1)(b) being applied retroactively. *Gibson*, 33 Wn. App. 2d at 625-26 (Maxa, J. dissenting). However, *Jenks* suggests that a precipitating event analysis is

_____

declared in the amendatory or repealing act."

4

reserved for statutory amendments affecting only attorney fees and costs of litigation. 197 Wn.2d at 723. Thus, a precipitating event analysis has no application here.

Boyce seeks to avoid the result required by the savings clause by arguing that RCW 9.94A.525(1)(b) is a remedial statute. He cites the legislative intent of the amendment, which includes giving "real effect to the juvenile system's express goals of rehabilitation and integration," and recognizing "how grave disproportionality within the juvenile legal system may subsequently impact sentencing ranges in adult court." LAWS OF 2023, ch. 415, § 1(1), (5). We note that this statement of intent is not part of the statutory amendment. *See* RCW 9.94A.525.

Even if RCW 9.94A.525(1)(b) is remedial, we disagree that remedial amendments to penal statutes require retroactive application. "[T]he general rule that a remedial statute applies retroactively 'does not apply when a statute is subject to RCW 10.01.040.'" *Troutman*, 30 Wn. App. 2d at 598 n.6 (quoting *State v. Jenks*, 12 Wn. App. 2d 588, 600, 459 P.3d 389 (2020), *aff'd*, 197 Wn.2d 708). As noted above, RCW 9.94A.525(1)(b) is subject to the savings clause, RCW 10.01.040. "'[A]bsent language indicating a contrary intent, an amendment to a penal statute—even a patently remedial one—must apply prospectively under RCW 10.01.040.'" *Jenks*, 12 Wn. App.

2d at 600 (alteration in original) (quoting *State v. McCarthy*, 112 Wn. App. 231, 237, 48 P.3d 1014 (2002)).

Ultimately, whether to grant RCW 9.94A.525(1)(b) retroactive application is a question of legislative intent. There are two statutes, RCW 9.94A.345 and RCW 10.01.040, that require defendants to be sentenced based on the law at the time the offense was committed. The legislature knows how to avoid this result—it can include words in the statutory amendment that fairly convey an intent for the amendment to apply retroactively. *Jenks*, 197 Wn.2d at 720. As noted above, there is nothing in RCW 9.94A.545(1)(b) that fairly conveys an intent for it to apply retroactively. We conclude that the legislature did not intend for RCW 9.94A.545(1)(b) to apply retroactively.

We affirm the trial court.

Lawrence-Berrey, J.

WE CONCUR:

Cooney, A.C.J.

Hill, J.

6