[No. 40808-2-II.   Division Two.   February 28, 2012.]

GLENDA SINGLETARY, *Appellant*, v. MANOR HEALTHCARE
CORPORATION ET AL., *Respondents*.

*Karla E. Rood* (of *Vail, Cross & Associates*) and *Tara Jayne Reck* (of *Foster Staton PC*), for appellant.

*Brad G. Garber* and *Lawrence E. Mann* (of *Wallace Klor & Mann PC*); and *Steve Vinyard*, for respondent.

¶1 WORSWICK, A.C.J. — Glenda Singletary, an injured worker who previously worked for Manor Healthcare Corporation, appeals a superior court order granting summary judgment on her appeal of a Department of Labor and Industries (Department) Board of Industrial Insurance Appeals (Board) decision. Singletary contends that because she did not receive notice of the order closing her claim, the Department, Board, and superior court lacked subject matter jurisdiction to further adjudicate her claim. We affirm.

## FACTS

¶2 Singletary suffered a shoulder injury on June 16, 2001 during the course of her employment with Manor.[1,2] She filed a benefit application with the Department a month later. The Department allowed her claim, and Singletary received workers' compensation benefits. Then on June 26, 2002, Manor issued an order ending time loss compensation as paid to August 3, 2002 and closing the claim effective June 26, 2002 without any further award for time loss or permanent partial disability. But Manor incorrectly addressed its closing order, and Singletary never received it.

¶3 Despite never receiving Manor's 2002 order closing her claim, Singletary filed an application with the Department on June 20, 2003 to reopen her claim for aggravation of her injury. In her application to reopen her claim, Singletary stated that her claim was closed on June 27, 2002. The Department reopened her claim effective June 12, 2003 for treatment.

¶4 Then, two years later, on July 29, 2005, the Department closed the claim with time loss compensation as paid to January 23, 2004 but without a further award for time

---

[1] Manor is a self-insured employer for workplace injury purposes.

[2] Because Singletary appeals an order granting summary judgment, we consider the facts in the light most favorable to her in accordance with *Jones v. State*, 170 Wn.2d 338, 342 n.1, 242 P.3d 825 (2010).

loss or permanent partial disability. Singletary filed a protest and request for reconsideration of this order, which the Department denied in December 2005. Singletary filed an appeal with the Board from the Department's December order denying reconsideration of its July 2005 closing order.

¶5 The Board scheduled two hearings for early December 2006 to allow Singletary to present evidence supporting her appeal. However, before the scheduled December evidentiary hearings, Singletary moved the Board to remand to the Department, claiming that the Board did not have jurisdiction to reach the merits of her claim because she never received Manor's 2002 closing order. Based on Singletary's motion, the Board scheduled a November 9 jurisdictional hearing. Then, Singletary moved to strike the December evidentiary hearing dates pending the outcome of the jurisdictional hearing, which the Board denied. On interlocutory review, an industrial appeals judge (IAJ) found that the Board had jurisdiction over Singletary's appeal of the Department's December 2005 order. The IAJ concluded that Singletary likely received Manor's 2002 closing order because Manor used the correct zip code, the postal service did not return it to Manor, and Singletary closely approximated the actual closing date in her 2003 application to reopen her claim.

¶6 Instead of presenting evidence to support her claim at the December evidentiary hearings, Singletary notified the Board that she intended to rest on her jurisdictional argument. Although Singletary attended the evidentiary hearings, she declined to present any evidence whatsoever. The Board dismissed the appeal because Singletary failed to present any evidence. Singletary moved for reconsideration, but the Board denied that request.

¶7 Singletary then appealed the Board's order denying reconsideration to the superior court. Manor then filed for summary judgment, and Singletary filed a cross motion. Manor argued that the Board properly dismissed Singletary's appeal. Singletary argued that because she never

received the 2002 order closing her claim, all subsequent department action was void and neither the Board nor the superior court had jurisdiction to adjudicate a void 2005 department order.

¶8 After hearings on the matter, the trial court ultimately entered an order reversing the Board's order dismissing Singletary's appeal for failing to present evidence and remanding the case to the Board to allow Singletary to present additional evidence on her entitlement to benefits for the period of time between the date Manor said her claim was closed in 2002 and the effective date her claim was reopened for treatment in 2003. In making this order, the superior court acknowledged that Singletary "did not previously seek benefits for the time post-closing order to June 2003 and since the closing order was not properly communicated to her, [Singletary] would still be entitled to seek benefits from that time until the time when the claim was reopened." Clerk's Papers at 100. Singletary now appeals. Neither Manor nor the Department filed a cross appeal.

## ANALYSIS

¶9 Singletary raises two primary arguments on appeal. First, she argues that Manor's failure to properly communicate the closing order to her deprived the Department of jurisdiction over all future related claims. Second, as an extension of the jurisdictional argument, she disagrees with the trial court's order giving her the opportunity to present evidence to the Board on her entitlement to benefits for the time period between the closing of her original claim and its reopening in 2003. Singletary asks us to reverse the superior court and to remand to the Department with instructions for it to properly communicate the 2002 closing order to her. The Department, although it did not file a cross appeal, encourages us to reverse the trial court and simply affirm the Board's decision that found jurisdiction and

dismissed Singletary's claim for failure to present evidence. Because the Department did not cross appeal, we decline to grant the Department's request for affirmative relief in accordance with RAP 2.4(a). Rather, we affirm the superior court order.

## I. STANDARD OF REVIEW

¶10 When a superior court reviews a board decision, it relies only on the certified board record but considers issues de novo. *Malang v. Dep't of Labor & Indus.*, 139 Wn. App. 677, 683, 162 P.3d 450 (2007). On review in superior court, the party challenging the board's decision bears the burden of proof because the board's decision is presumed correct. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Because this dispute was resolved by summary judgment in which the material facts are undisputed, the questions presented are all questions of law. *See Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 292, 253 P.3d 430, *review denied*, 172 Wn.2d 1008 (2011). Since the issues on appeal are limited to questions of law, our review is de novo. *Hill*, 161 Wn. App. at 292.

## II. JURISDICTION

¶11 Singletary first contends that the Department, Board, and superior court all lacked subject matter jurisdiction because Manor failed to properly communicate its June 26, 2002 closing order to her. She argues that all action on her claim after 2002 was void.[3] We disagree.

¶12 The Department concedes that Manor's failure to properly communicate the 2002 closing order to Singletary

---

[3] Manor counters that Singletary lacks standing to make this argument. As the Department correctly observes, a party aggrieved by agency action has standing and Manor fails to support its assertion that Singletary was not aggrieved by the superior court's disposition of her appeal. Thus, we do not further address this issue.

means that the 2002 closing order is not a final order. We accept the Department's concession.[4]

¶13 Under the Industrial Insurance Act (IIA),[5] the Department errs if it reopens a workers' compensation claim for further treatment based on worsening of the injury before there is a final order closing the worker's claim. *See Reid v. Dep't of Labor & Indus.*, 1 Wn.2d 430, 436-38, 96 P.2d 492 (1939). However, even if the Department enters a legally incorrect order, that order becomes final and binding on all parties if they do not appeal it within the specified time frame. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 542-43, 886 P.2d 189 (1994).

¶14 The only way a claimant can avoid an unappealed final order is if that order was void when entered. *Marley*, 125 Wn.2d at 539-41. Legal errors in unappealed orders do not render that order void. *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 170, 937 P.2d 565 (1997). Orders are void when entered only if the Department, Board, or court lacked either personal or subject matter jurisdiction.[6] *Marley*, 125 Wn.2d at 541.

¶15 A tribunal lacks subject matter jurisdiction only if it ventures to decide a "type of controversy" over which it lacks authority. *Marley*, 125 Wn.2d at 539. The type of controversy over which an agency or tribunal has subject matter jurisdiction refers to the general category of controversies it has authority to decide and is distinct from the facts of any specific case. *Dougherty v. Dep't of Labor &Indus.*, 150 Wn.2d 310, 317, 76 P.3d 1183 (2003). Moreover, neither the Department nor a tribunal "lack subject

---

[4] Orders become final under the Industrial Insurance Act after they are "communicated." RCW 51.52.050(1). An order is communicated when the injured worker receives it. *Shafer v. Dep't of Labor & Indus.*, 140 Wn. App. 1, 8, 159 P.3d 473 (2007), *aff'd*, 166 Wn.2d 710, 722, 213 P.3d 591 (2009). Because Singletary never received Manor's 2002 closing order, it was not communicated to her and, thus, is not a final order.

[5] Title 51 RCW.

[6] Singletary contests only the Board's and superior court's subject matter jurisdiction, thus we do not address personal jurisdiction.

matter jurisdiction solely because it may lack authority to enter a given order." *Marley*, 125 Wn.2d at 539. " 'Obviously the power to decide [a type of controversy] includes the power to decide wrong, and an erroneous decision is as binding as one that is correct.' " *Marley*, 125 Wn.2d at 543 (internal quotation marks omitted) (quoting *Dike v. Dike*, 75 Wn.2d 1, 8, 448 P.2d 490 (1968)).

¶16 In establishing subject matter jurisdiction, our inquiry focuses on the "type of controversy" because if it is within the tribunal's given subject matter jurisdiction, all other errors " 'go to something other than subject matter jurisdiction.' " *Dougherty*, 150 Wn.2d at 316 (quoting *Marley*, 125 Wn.2d at 539); *Sprint Spectrum, LP v. Dep't of Revenue*, 156 Wn. App. 949, 964-65, 235 P.3d 849 (2010) (Becker, J. concurring), *review denied*, 170 Wn.2d 1023 (2011). The Department enjoys broad subject matter jurisdiction to adjudicate all claims for workers' compensation benefits. *Marley*, 125 Wn.2d at 539-40. The Department's broad subject matter jurisdiction to adjudicate all workers' compensation claims includes applications to reopen a closed claim. *See Shafer v. Dep't of Labor & Indus.*, 140 Wn. App. 1, 7, 159 P.3d 473 (2007), *aff'd*, 166 Wn.2d 710, 722, 213 P.3d 591 (2009). The Board has broad subject matter jurisdiction to review department actions. RCW 51.52.050(2)(a); *Shafer*, 140 Wn. App. at 7. Superior courts have subject matter jurisdiction to review appeals from board decisions. RCW 51.52.050(2)(c). Thus, although the Department errs if it adjudicates an application to reopen a claim that is not first subject to a final closing order, that error neither deprives the Department of subject matter jurisdiction to adjudicate that application nor deprives the Board or a superior court

of subject matter jurisdiction to review those Department adjudications.[7] *Shafer*, 140 Wn. App. at 6-7.[8]

¶17 Here, Singletary never received Manor's 2002 order closing her claim. Because she never received it, the 2002 closing order was not communicated and, thus, is not final. Since the Department adjudicated Singletary's reopening application in 2003, even though her claim was not closed, that adjudication was legally erroneous. Nonetheless, because the Department has broad subject matter jurisdiction to adjudicate applications to reopen workers' compensation claims, it had subject matter jurisdiction to adjudicate Singletary's reopening application. Because the Department had subject matter jurisdiction when it entered its 2003 order reopening Singletary's claim, that order was not void when entered and it became final and binding on all parties when Singletary did not appeal it. Thus, because Singletary did not appeal the Department's 2003 order reopening her claim, it is res judicata that her claim was closed sometime before the Department's 2003 order reopening it. Since it is res judicata that Singletary's claim was closed sometime before the Department's 2003 reopening order, it is immaterial whether Manor communicated its 2002 closing order to Singletary. Because Singletary did not

---

[7] Under analogous facts to Singletary's appeal, the Board issued a significant decision stating that the Department retains subject matter jurisdiction to adjudicate a reopening application even if it makes an error of law by adjudicating a reopening application on a claim for which there is no final closing order. *In re Perez-Rodriguez*, No. 06 18718, 2008 WL 1770918, at *1, 2008 WA Wrk. Comp. LEXIS 39, at *2 (Wash. Bd. of Indus. Ins. Appeals Feb. 13, 2008). Further, the Board concluded that because the Department retained subject matter jurisdiction to adjudicate the reopening application, the unappealed orders the Department issued relating to the reopening application were not void when entered and were final and binding on the parties. 2008 WL 1770918, at *1-2, 2008 WA Wrk. Comp. LEXIS 39, at *2-6. Thus, those unappealed final orders precluded relitigation of the same claim. 2008 WL 1770918, at *1-2, 8, 2008 WA Wrk. Comp. LEXIS 39, at *2-6, *21-23. Although this board decision is not binding on us, we agree with the Board's analysis.

[8] Although the Washington Supreme Court affirmed Division One in *Shafer*, the parties did not address this jurisdictional question before that court. 166 Wn.2d at 718 n.2.

appeal the 2003 reopening order, she cannot now claim that all action on her claim after 2002 was void.

¶18 Moreover, because the Department has broad subject matter jurisdiction to adjudicate workers' compensation claims, it had subject matter jurisdiction to issue its 2005 orders closing her claim and denying reconsideration of that closure. Because the Department had subject matter jurisdiction to close Singletary's claim and deny reconsideration of that closure in 2005, the order on appeal was not void when entered. Since the order was not void when entered, the Board, the superior court, and our court have subject matter jurisdiction to consider this appeal. Thus, Singletary's arguments fail. Even though Manor failed to communicate its 2002 closing order to Singletary, the Department retained subject matter jurisdiction to further adjudicate her workers' compensation claim.

## III. INTERLOCUTORY REVIEW

¶19 Singletary also asks us to make a public policy determination that both of Singletary's interlocutory appeals to an IAJ were improperly denied because they were decided quickly and they do not contain findings of fact and conclusions of law because an injured worker should be able to resolve jurisdictional questions without simultaneously going through the expense of presenting evidence on the merits at the Board level. We decline to do so.

¶20 Aside from *In re Santos Alonzo*, No. 56,833, 1981 WL 375946, 1981 WA Wrk. Comp. LEXIS 10 (Wash. Bd. of Indus. Ins. Appeals Dec. 9, 1981), which does not stand for the proposition for which it is cited, Singletary cites no statutory or case law authority for her proposition that an IAJ's denial of interlocutory review must include the IAJ's rationale and specific findings.[9] Instead, she argues that public policy requires an IAJ to include his or her rationale and specific findings. But as the Department points out, the IIA does not guarantee interlocutory review, nor does it

---

[9] RAP 10.3(a)(6).

guarantee injured workers the right to a written interlocutory review decision containing the IAJ's analysis and specific findings, nor does it specify a minimum amount of time during which the IAJ must consider the request. *See* ch. 51.52 RCW.

¶21 RCW 51.52.060 delineates the appeals process before the Board. This statutory provision does not mention interlocutory review and instead directs the Board to consider appeals within a certain time frame. *See* RCW 51.52.060. Our administrative code does create a narrow right to an interlocutory appeal before an IAJ, but it does not create any procedural requirements for the IAJ's decision. WAC 263-12-115(6). Although the WAC's narrow interlocutory review provision specifically requires the party seeking interlocutory review to make its request in writing and support the request with an affidavit "setting forth the grounds for the request, including the reasons for the necessity of an immediate review," the WAC allows great flexibility in the IAJ's response:

> ithin ten working days of receipt of the written request [for interlocutory review], the chief industrial appeals judge, or designee, may decline to review the ruling based upon the written request and supporting affidavit; or, after such review as he or she deems appropriate, may either affirm or reverse the ruling, or refer the matter to the industrial appeals judge for further consideration.

WAC 263-12-115(6)(a). Thus, a party's narrow right to an interlocutory appeal before an IAJ does not include the right to have a detailed explanation of the IAJ's rationale and specific findings. Further, an IAJ has great discretion in considering a request for interlocutory review. Although the IAJ may decline interlocutory review within 10 working days after receiving the request, there is no minimum duration during which the IAJ must consider the request. Thus, there is no legal support for Singletary's argument urging us to impose a framework under which an IAJ must consider a request for interlocutory review for a certain

minimum period of time and then augment their decision with an explanation of their rational and specific findings.

¶22 Moreover, as the Department points out, the policy behind the industrial insurance claims system is for a more expedient resolution of claims. *See Dep't of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 315, 849 P.2d 1209 (1993); RCW 51.04.010. This purpose would not be served by imposing detailed procedural requirements on the form of an IAJ's decision on interlocutory review because such a procedure would prolong the interlocutory review process. Thus, we decline to sanction any procedural requirements for an IAJ to issue decisions under the interlocutory appeals process.

## IV. REMEDY

¶23 Singletary also contends that the trial court erred in remanding her case to the Board to give her an opportunity to present evidence for the time period between the closing of her claim in 2002 and its reopening in 2003. The Department requests that we reverse the trial court's order allowing Singletary the opportunity to present evidence to the Board of her entitlement to benefits between Manor's 2002 closing order and the Department's 2003 reopening order. The Department asks us to affirm the Board's order dismissing Singletary's appeal. Because the Department did not cross appeal, we affirm the trial court.

¶24 A respondent requests affirmative relief if it seeks anything other than an affirmation of the lower court's ruling. *State v. Sims*, 171 Wn.2d 436, 442, 256 P.3d 285 (2011). Respondents must cross appeal to obtain affirmative relief. *Sims*, 171 Wn.2d at 442-43. Although appellate courts may grant affirmative relief to a respondent who did not file a cross appeal "if demanded by the necessities of the case," we are unaware of any published case reversing the trial court in favor of the respondent absent a cross appeal. RAP 2.4(a). Thus, although receptive to the Department's arguments, we affirm the trial court.

## ATTORNEY FEES

¶25 Lastly, Singletary requests fees and costs under RCW 51.52.120. But RCW 51.52.120 governs fee award requests before the Board itself, not following review by the superior or appellate courts. Presumably, Singletary intended to reference RCW 51.52.130, which does authorize this court to award attorney fees on appeal:

> If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

RCW 51.52.130(1). Because Singletary has not prevailed on appeal, we decline to award her fees and costs.

¶26 Affirmed.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.

Review denied at 175 Wn.2d 1008 (2012).