FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the Guardianship of:<br><br>LEON V. JENSEN,<br><br>                Deceased,<br><br>In re the JENSEN 1980 TRUST AGREEMENT dated July 23, 1980,<br><br>JOSEPHINE JENSEN PAPALEO,<br><br>             Trustee/Appellant,<br><br>   v.<br><br>NOVEMBER PAPALEO, beneficiary,<br><br>              Appellant,<br><br>v.<br><br>JODI WICKS, JUDY BARRETT and CHAD JENSEN, beneficiaries,<br><br>             Respondents. | No. 45658-3-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Josephine Jensen Papaleo (Jo[1]), as trustee of the Jensen Family Trust (the Trust) established by her father, Leon Jensen, appeals the superior court's ruling that the estate taxes attributable to non-Trust property be statutorily apportioned pursuant to the Washington Uniform

---

[1] To avoid confusion, we use the parties' first names. We mean no disrespect.

Estate Apportionment Act (RCW 83.110A.030(1)). Jo, as trustee, paid the estate taxes attributable to both Trust and non-Trust property from the Trust. Jo argues that the Trust gave her the discretion to pay all estate taxes attributable to Trust and non-Trust property from the Trust assets. We hold that the language of Leon's will and the language of the Trust do not express a specific intent that the Trust pay estate taxes attributable to non-Trust property. Therefore, we affirm.

FACTS

When Leon died in 2011, 60.02 percent of his property was held in the Trust and the remaining 39.98 percent was held in pay-on-death (POD) accounts. The Trust property was to be distributed in equal shares to Jo, Judy Barrett, Jodi Wicks, and Chad Jensen; the POD accounts were payable to Jo, November Papaleo, and Chad. Jo was designated the trustee of the Trust.[2] Before Leon's death, sizeable gifts were made from Leon's assets to some of these beneficiaries.

Leon's will provided that all inheritance, estate, or other death taxes attributable to his probate estate or to any other property not a part of the probate estate "shall" be paid out of the residue of the probate estate. Clerk's Papers (CP) at 260. However, to the extent that taxes were attributable to properties that were a part of the Trust, taxes "shall" be paid by the Trust. CP at 261. Leon did not leave any property in the probate estate to pass through his will; his entire estate was comprised of the Trust property and the POD accounts.[3]

---

[2] Jo was acting as and was sued in her capacity as trustee and not in her individual capacity.

[3] Both the Trust and the POD accounts are nonprobate property. RCW 11.02.005(10). Nonprobate property is defined as a person's property that will "pass on the person's death under a written instrument or arrangement other than the person's will." RCW 11.02.005(10), RCW 11.96A.030(3).

2

The Trust provided that upon Leon's death, the trustee would distribute the trust principle to the beneficiaries. However, the Trust provided that the trustee "may" first pay any federal or state taxes arising by reason of Leon's death before distributing the Trust principle. CP at 43.

Jo paid the estate taxes attributable to both the Trust property and the POD accounts from the Trust. The parties agreed that the estate taxes attributable to the Trust property was properly paid by the Trust. However, the parties disagreed as to whether the estate taxes attributable to the non-Trust property (the POD accounts) were properly paid by the Trust.

Judy, Jodi, and Chad (the respondents) filed a petition for apportionment of estate taxes attributable to the POD accounts under The Trust and Estate Dispute Resolution Act (TEDRA). Chapter 11.96A RCW.[4] In their petition, the respondents requested the estate taxes attributable to the POD accounts be statutorily apportioned under RCW 83.110A.030 because the will did not fund the designated source of estate tax payment, and the Trust did not provide for estate tax apportionment of non-Trust assets. As trustee, Jo objected to the statutory apportionment of the estate taxes attributable to the POD accounts, claiming that the Trust gave the trustee the discretion to determine whether the estate taxes should be paid from the Trust prior to distribution. Jo also argued that if the estate taxes are statutorily apportioned, apportionment should include gifts made, with the court's permission, during Leon's lifetime.

The superior court ruled that because neither the will nor the Trust specifically provided for apportionment of estate taxes between Trust property and POD accounts, RCW 83.110A.030

---

[4] TEDRA provides that the superior court has jurisdiction over the administration of estates, and that it may administer and settle all matters relating to trusts. RCW 11.96A.010, .040(1), (3).

applies and the estate taxes attributable to the POD accounts should be apportioned pro rata. Further, the superior court determined the lifetime gifts made from Leon's assets are not subject to the estate tax apportionment under Washington law. Jo appeals.[5]

## ANALYSIS

Jo argues that the superior court erred in ordering statutory apportionment of the estate taxes attributable to the POD accounts. She asserts that under the terms of the Trust, she had the discretion to pay all estate taxes from the Trust. She also asserts that the superior court improperly refused to include the lifetime gifts made out of Leon's assets in its apportionment. We disagree.

### A.    STATUTORY APPORTIONMENT UNDER RCW 83.110A.030

#### 1.    Legal Principles

In Washington, RCW 83.110A.030 governs the apportionment of estate taxes unless a will or trust specifically expresses the intent to require other beneficiaries to carry the tax burden. *In Re Estate of Mumby*, 97 Wn. App. 385, 396, 982 P.2d 1219 (1999). RCW 83.110A.030 provides in relevant part:

> To the extent that apportionment of an estate tax is not controlled by an instrument described in RCW 83.110A.020 . . .
>       (1) . . . the estate tax is apportioned ratably to each person that has an interest in the apportionable estate.

---

[5] In their petition for equitable distribution, the respondents argued that Jo breached her fiduciary duties to the Trust and petitioned for her discharge. However, the superior court ruled that Jo did not breach her fiduciary duty. On appeal, although the respondents offer briefing about breach of fiduciary duty, they have not cross-appealed the issue. Therefore, we do not consider the respondents' argument that Jo breached her fiduciary duty. *Singletary v. Manor Healthcare Corp.*, 166 Wn. App. 774, 787, 271 P.3d 356, *review denied*, 175 Wn.2d 1008 (2012) (holding that absent a cross-appeal, this court would not consider respondent's argument for affirmative relief).

Thus, RCW 83.110A.030 requires that estate taxes be statutorily apportioned between parties with an interest in the estate unless apportionment is controlled by an instrument described in RCW 83.110A.020.

RCW 83.110A.020 provides in relevant part:

> (a) To the extent that a provision of a decedent's will provides for the apportionment of an estate tax, the tax must be apportioned accordingly.
>
> (b) Any portion of an estate tax not apportioned pursuant to (a) of this subsection must be apportioned in accordance with any provision of a revocable trust of which the decedent was the settlor which provides for the apportionment of an estate tax.

In order to avoid statutory apportionment under RCW 83.110A.030, an instrument (the will or the trust) must clearly apportion estate taxes and express the specific intent to require certain assets to carry the tax burden. RCW 83.110A.020; *Mumby*, 97 Wn. App. at 396. We review the application of a statute de novo. *Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 592, 278 P.3d 157 (2012).

Our primary duty when interpreting a will or a trust is to give effect to the testator's/trustor's intent. *In re Estate of Bernard*, 182 Wn. App. 692, 704, 332 P.3d 480 (2014). If the language of the instrument is unambiguous, we ascertain the testator's/trustor's intent from the language of the instrument itself without extrinsic evidence. *Id.*; *In re Wash. Builders Benefit Trust*, 173 Wn. App. 34, 76, 293 P.3d 1206, 177 Wn.2d 1018 (2013). We interpret a will or trust instrument de novo. *Bernard*, 182 Wn. App. at 704.

2.    Language of the Will and Trust

Here, the Will provision regarding estate tax payments states:

VI.

All inheritance, estate, or other death taxes that may, by reason of my death, be attributable to my probate estate or to any other property not a part of my probate estate **shall** be paid by my Executor out of the residue of my probate estate provided, however, that to the extent such taxes are attributable to properties which become, prior to my death, a part of the Trust referred to in this Will, then such taxes **shall** be charged to and collected from the Trustee of said Trust.

CP at 260-61 (emphasis added). The plain language of the will evidences Leon's intent to treat estate taxes attributable to Trust property differently than estate taxes attributable to non-Trust property by directing the Trust to pay all estate taxes attributable to Trust property and the residual probate estate to pay all estate taxes attributable to non-Trust property.

The Trust provision that Jo relies on reads as follows:

Section 8.04.  Failure to Effectively Appoint.

Any of the Survivor's Trust not effectively appointed by the Survivor as set forth above shall be added to the principal of the Family Trust and administered in accordance with the provisions thereof; *provided that the Trustee in its discretion may first pay out of any of the principal of the Survivor's Trust not so appointed* (i) any last illness and funeral expenses of the Survivor, (ii) any expenses incurred in the administration of the affairs of said Trustor, including attorneys' and accountants' fees for general or special services rendered and any other probate fees and (iii) *any federal or state taxes including penalties and interest arising by reason of said Trustor's death.*

CP at 43 (emphasis added). Here, the plain language of Section 8.04 does not express a specific intent for the Trust to pay the estate taxes attributable to non-Trust property. To avoid statutory apportionment, the instrument must express a specific intent for certain property to carry the entire estate tax burden. *Mumby*, 97 Wn. App. at 396. At best, the language in the Trust merely gives

6

the Trustee the discretion to pay taxes related to Leon's death. Therefore, based on the discretionary language of Section 8.04 and the established case law, we hold that the Trust does not express a specific intent for the Trust to pay all estate taxes attributable to Trust and non-Trust property.

### 3. Statutory Apportionment Required

The will expresses a specific intent to treat estate taxes attributable to Trust assets differently than estate taxes arising from non-Trust assets and specifically directs estate taxes attributable to Trust property be paid by the Trust and estate taxes attributable to non-Trust property be paid by the residual probate estate. Because there is no residual probate estate, statutory apportionment is required. *Seattle-First Nat'l. Bank v. Macomber*, 32 Wn.2d 696, 704, 203 P.2d 1078 (1949); *cf. In re Estate of Offield*, 7 Wn. App. 897, 905, 503 P.2d 767 (1972) (holding that where costs were to be paid from the residuary estate, but the residuary estate was insufficient to pay, the deficiency would be paid pursuant to statutory apportionment). Thus, the estate taxes attributable to the POD accounts must be statutorily apportioned pursuant to RCW 83.110A.030 among the non-Trust beneficiaries.[6] Accordingly, the superior court did not err in ordering statutory apportionment of estate taxes attributable to the POD accounts.

---

[6] Statutory apportionment where the trustor's directed apportionment could not be fulfilled is consistent with the intent of the Uniform Estate Tax Apportionment Act. UNIF. ESTATE TAX APPORTIONMENT ACT § 3 cmt. (amended 2003), 8A U.L.A. 410-13 (2014); UNIF. ESTATE TAX APPORTIONMENT ACT (2003), § 3 cmt., 8A U.L.A. 410-13 (2014), *available at* http://www.uniformlaws.org/shared/docs/estate%20tax%20apportionment/UETAA_%202011_F inal%20Act_2014sep9.pdf.

B.     LIFETIME GIFTS

Jo also asserts that if this court holds that statutory apportionment of estate taxes is appropriate, then the gifts made from Leon's assets during his lifetime should be considered in apportioning the estate taxes. We disagree.

Jo's argument is confusing. She starts by noting that the "gifts were made to avoid Washington estate tax" because Washington does not tax gifts, and "with the recognition that the amounts would be included as assets for determining federal estate tax." Br. of Appellant at 22. Later, she states that Washington includes the value of gifts in apportioning estate tax. She then asserts, without authority, that RCW 83.110A.010(3) includes lifetime gifts.

Although Jo conflates issues of state and federal tax, both parties seem to agree that the lifetime gifts are not subject to Washington gift or estate tax. Washington does not have a gift tax. WAC 458-57-005(2)(b). And Washington's estate tax does not apply to gifts made during the decedent's lifetime. WAC 458-57-005(2)(b).

The Internal Revenue Code (IRC) provides a "unified credit," which a taxpayer can use either against a gift tax during life, or against estate tax after death. 26 U.S.C. §§ 2010(a), 2505(a). *United States v. Hemme*, 476 U.S. 558, 561, 106 S. Ct. 2071, 90 L. Ed. 2d 538 (1986). In 2011 when Leon died, the unified credit against estate tax was $5,000,000. 26 USC §§ 2010(c)(3)(A), 2505. The Internal Revenue Service includes the lifetime gifts to the total value of the estate to determine whether any unified credit remains. The IRC defines the gross estate as the "value at the time of his death of all property, real or personal, tangible or intangible, wherever situated." 26 USC § 2031(a). Unless the decedent retains control over the lifetime gift, lifetime gifts are not

8

included in the gross estate. 26 USC §§ 2031, 2033. The gifts were completed during Leon's life, and Leon did not retain any interest or control over the property.

Jo does not offer any citation or authority for her assertion that either the state or the federal tax code permits recapturing of completed lifetime gifts for purposes of estate tax apportionment. Further, Jo has not provided any records or authority to support her claim that the lifetime gifts were actually subject to state or federal *estate* tax. Moreover, "[w]here no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post–Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

Jo's argument regarding lifetime gifts is not supported by authority and not persuasive. The superior court did not err in determining that the lifetime gifts made from Leon's assets are not subject to estate tax apportionment.

## ATTORNEY FEES

Both parties request attorney fees on appeal under RCW 11.96A.150 and RAP 18.1. We may, in our discretion, award reasonable attorney fees to any party. RCW 11.96A.150. *In re Estate of* Harder, ___ Wn. App. ___, 341 P.3d 342, 346 (2015). RCW 11.96A.150 provides

> (1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

No. 45658-3-II

We exercise our discretion and award attorney fees to the respondents on appeal. The attorney fees award shall be paid from the Trust.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.

10