

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| LORENZO THOMAS, | ) | No. 72646-3-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 16, 2016 |

SCHINDLER, J. — Under the Industrial Insurance Act, Title 51 RCW, a worker can

file an application to reopen a disability claim 60 days after the Department of Labor and

Industries (Department) closes the claim and the award becomes a final order. In 2001,

Lorenzo Thomas filed an application to reopen his 1995 disability claim. On February

28, 2002, the Department issued a decision to reopen the claim and awarded disability

benefits. Thomas did not appeal the order to reopen. In 2012, Thomas filed another

application to reopen his disability claim. Because the application to reopen was not

"made within seven years from the date [of] the first closing order," the Department

limited the claim to medical treatment.[1] On summary judgment, the superior court

dismissed his appeal of the 2012 order on the grounds that res judicata barred Thomas

---

[1] RCW 51.32.160(1)(a).

from arguing he did not receive the notice in 1996 that the Department closed his disability claim. We affirm dismissal of the appeal.

FACTS[2]

1995 Disability Claim

In October 1995, Lorenzo Thomas injured his back while working at Brandrud Furniture Inc. On October 19, 1995, Thomas filed a claim for disability benefits. On November 2, 1995, the Department of Labor and Industries (Department) issued a notice of decision that "the claim for injury sustained on 10-17-95 be allowed as an industrial injury."

On December 18, 1996, the Department issued an order closing the claim and awarded Thomas total benefits of $6,257.88 for category 2 "permanent dorso-lumbar and/or lumbosacral impairments." The order states that it "WILL BECOME FINAL 60 DAYS AFTER YOU RECEIVE IT UNLESS YOU FILE A WRITTEN REQUEST FOR RECONSIDERATION OR AN APPEAL." After deducting a support enforcement lien, the Department issued a check for $3,128.94.

The envelope containing the order closing the claim and the check for $3,128.94 was returned to the Department. The Department mailed the order and the check in an envelope to a prior address for Thomas. The envelope was not returned.

2001 Application To Reopen

On May 11, 2001, Thomas filed an "Application to Reopen Claim Due to Worsening of Condition." The application states, in pertinent part, "NOTE: Persons making false statements in obtaining industrial insurance benefits are subject to civil and criminal penalties. I declare that these statement [sic] are true to the best of my

---

[2] The material facts are not in dispute.

knowledge and belief." Thomas signed the application "declar[ing] that these statement[s] are true to the best of my knowledge and belief."

The application to reopen the claim for aggravation or worsening of a condition states that in order to file an application to reopen, the claim must have been closed for more than 60 days: "Important: Only use this form if your medical condition has worsened, and your claim has been closed for more than 60 days."[3]

In the application to reopen, Thomas states the "[d]ate claim closed" was "12/ /96."[4] Thomas states the "[d]ate condition became worse after claim closure" was "01/01/98."[5] In response to the question that asks, "Have you had any new injuries or illnesses since the date of claim closure," Thomas states, "Same but worse."[6] In response to the question, "Have you received any medical treatment for this condition since claim closure," Thomas states, "No."[7]

On February 28, 2002, the Department issued a decision to reopen his claim for medical treatment and disability benefits, "This claim is reopened effective 05/11/2001 for authorized medical treatment and benefits as appropriate under the industrial insurance laws." The February 28, 2002 notice of decision states that if Thomas

---

[3] (Emphasis added.) The application form states:

Important: Only use this form if your medical condition has worsened, and your claim has been closed for more than 60 days. If time loss benefits are paid before a decision about reopening is made and your claim is not reopened, you will be required to repay those benefits. Please write your claim number above. You will receive information about your reopening application within 90 days of the Department's receipt of the reopening application. If you have had a new injury at work, complete a new Report of Industrial Injury or Occupational Disease form in lieu of this application.

(Emphasis in original.)

[4] Emphasis added.

[5] Emphasis added.

[6] Emphasis added.

[7] Emphasis added.

disagrees with the order, he must file a request for reconsideration or an appeal.

> YOUR LEGAL RIGHTS IF YOU DISAGREE WITH THIS ORDER: THIS ORDER BECOMES FINAL 60 DAYS FROM THE DATE IT IS COMMUNICATED TO YOU UNLESS YOU DO ONE OF THE FOLLOWING. YOU CAN EITHER FILE A WRITTEN REQUEST FOR RECONSIDERATION WITH THE DEPARTMENT OR FILE A WRITTEN APPEAL WITH THE BOARD OF INDUSTRIAL INSURANCE APPEALS.

Thomas did not file a request for reconsideration or an appeal.

On March 24, 2006, the Department issued an order closing the claim and awarding Thomas total benefits of $18,773.61 for category 4 "permanent dorso-lumbar and/or lumbosacral impairments." After deductions, the Department issued a check for $3,880.26. The March 24, 2006 order states:

> YOUR LEGAL RIGHTS IF YOU DISAGREE WITH THIS ORDER: THIS ORDER BECOMES FINAL 60 DAYS FROM THE DATE IT IS COMMUNICATED TO YOU UNLESS YOU DO ONE OF THE FOLLOWING. YOU CAN EITHER FILE A WRITTEN REQUEST FOR RECONSIDERATION WITH THE DEPARTMENT OR FILE A WRITTEN APPEAL WITH THE BOARD OF INDUSTRIAL INSURANCE APPEALS.

Thomas did not file a request for reconsideration or an appeal.

2006 Application To Reopen

On April 2, 2006, Thomas filed another Application to Reopen Claim Due to Worsening of Condition. On September 11, 2006, the Department denied his application to reopen. The notice of decision states:

> The Department of Labor and Industries received an application to reopen this claim. The medical record shows the conditions caused by the injury have not worsened since the final claim closure.
>
> The application to reopen your claim is denied and the claim will remain closed.

The September 11, 2006 notice of decision states:

> YOUR LEGAL RIGHTS IF YOU DISAGREE WITH THIS ORDER:  THIS
> ORDER BECOMES FINAL 60 DAYS FROM THE DATE IT IS
> COMMUNICATED TO YOU UNLESS YOU DO ONE OF THE
> FOLLOWING.  YOU CAN EITHER FILE A WRITTEN REQUEST FOR
> RECONSIDERATION WITH THE DEPARTMENT OR FILE A WRITTEN
> APPEAL WITH THE BOARD OF INDUSTRIAL INSURANCE APPEALS.

Thomas filed a written request for reconsideration.  On November 9, 2006, the

Department denied his request to reconsider.  The notice of decision states, "The

Department of Labor and Industries has reconsidered the order of 09/11/2006.  The

department has determined the order is correct and it is affirmed."  The notice of

decision states, "ANY APPEAL FROM THIS ORDER MUST BE MADE IN WRITING TO

THE BOARD OF INDUSTRIAL INSURANCE APPEALS . . . WITHIN 60 DAYS . . . OR

THE SAME SHALL BECOME FINAL."  Thomas did not file an appeal.

2012 Application To Reopen

On November 21, 2012, Thomas filed an Application to Reopen Claim Due to

Worsening of Condition.  The Department issued a decision to reopen the claim but "for

medical treatment only."  The decision states Thomas "is not entitled to disability

benefits" because "the reopening application was not received within the time limitation

set by law ( . . . 7 years from first claim closure for all other injuries)."

Thomas appealed the decision to the Board of Industrial Insurance Appeals

(Board).  The Department filed a motion for summary judgment.  The Department

argued the record showed Thomas received the December 18, 1996 closing order.  The

Department submitted the declaration of claims consultant Tracey Jacobson.  The

declaration attaches the 1995 application for benefits, the order allowing benefits, and

the 1996 order closing the claim.  Jacobson states, "There is no indication in the

Department file that this closing order was <u>not</u> communicated" to Thomas and "this check was cashed."[8] The Department also argued that as a matter of law, the failure to timely appeal the February 28, 2002 decision to reopen his claim barred Thomas from arguing his claim was not "closed prior to that reopening date."

Thomas submitted a declaration in response and argued that because he never received the December 18, 1996 order closing his claim, the industrial appeals judge (IAJ) should reverse the 2012 decision of the Department to deny disability benefits. In his declaration, Thomas states, "I have never received an Order from the Department dated December 18, 1996 which closed my claim with a check in the amount of $3,128.94 for permanent partial disability." Thomas also asserts, "I never cashed a check in the amount of $3,128.94 for permanent partial disability. I have never received a cash award or a check for a Category II low back impairment."

The Department submitted a supplemental declaration of Jacobson. Jacobson states the 1996 order was not returned and the check was cashed.

> I have reviewed Lorenzo Thomas' claim file under claim P-242614. In the claim file there was an envelope with the permanent partial disability check. That envelope was returned to the Department. The check was then re-mailed to prior address for Mr. Thomas. That address was 7326 Rainier Drive Apt. 2 Everett WA 98203. Once the check was re-mailed to that new address, it was not returned to the Department and the check (warrant) was cashed.
> . . . The permanent partial disability check does not show up in the Department's system as being an expired warrant. This means that someone cashed the check within 180 days of it being issued.

The Department argued that even if Thomas did not receive the closing order in 1996, the failure to protest or appeal the February 28, 2002 closing order reopening his claim barred Thomas from arguing the 1996 order was not a final order.

---

[8] Emphasis in original.

The IAJ issued a proposed decision and order. The IAJ granted the Department's motion for summary judgment and affirmed the order denying disability benefits. The IAJ ruled there were material issues of fact as to whether Thomas received the December 18, 1996 order closing his claim but "actions taken by the Department in the form of determinative orders subsequent to the December 18, 1996 order render the question of communication with respect to the December 18, 1996 order immaterial."

> Specifically, it is undisputed that Mr. Thomas filed a reopening application with the Department on May 15, 2001. See Attachment No. 4. In response to Mr. Thomas' reopening application, the Department issued an order reopening his claim on February 28, 2002. See Attachment No. 5. Neither Mr. Thomas nor the employer protested the decision to reopen the claim. Consequently, the Department's order dated February 28, 2002 is now final and binding and is res judicata under Marley v. Department of Labor & Indus., 125 Wn.2d 533 (1994).

Based on the undisputed record, the IAJ concluded that even if the February 28, 2002 order was legally erroneous, it was a final and binding order. Because Thomas did not appeal the decision to reopen the 1995 claim, he was barred from arguing the 1995 claim was not closed.

> The Department's February 28, 2002 order, even if based upon a mistake of law, is now final and binding. As this Board has also held, the reopening of a claim by necessity precludes the Department from administering the claim as if it were never closed and supersedes any argument relating to the prior closing order. In re Christopher B. Preiser, [Board] Dec., 09 19683 (2010).

The IAJ rejected the argument that Thomas had no reason to protest or appeal the February 28, 2002 decision to reopen.

> Although Mr. Thomas argues that he should not be expected to have protested and/or appealed the February 28, 2002 reopening order because it was favorable to him, this argument is disingenuous. Specifically, if Mr. Thomas truly believed that his claim had not been

7

closed or that he had not been paid the appropriate permanent partial disability impairment award, the February 28, 2002 order by implication was unfavorable to him. Had these concerns been truly an issue for Mr. Thomas, the time to raise these arguments was when the Department acted upon his application to reopen the claim. He did not do so.

The proposed decision and order conclusions of law state:

1.    The Board of Industrial Insurance Appeals has jurisdiction over the parties and subject matter of this appeal.

2.    Regardless of whether the December 18, 1996 closing order became final and binding, the Department had subject matter jurisdiction to issue the February 28, 2002 order reopening Mr. Thomas' claim.

3.    The failure of Mr. Thomas to protest and/or appeal the February 28, 2002 reopening order rendered it final and binding on him. There are no facts or circumstances that justify relieving him from the res judicata effect of the order.

4.    Because Mr. Thomas did not appeal the Department's February 28, 2002 order, it is res judicata that his claim was first closed sometime before the February 28, 2002 reopening order. Since it is res judicata that Mr. Thomas' claim was first closed sometime before the February 28, 2002 reopening order, it is immaterial whether the Department communicated its December 18, 1996 closing order to Mr. Thomas. . . .

5.    The Department of labor and Industries is entitled to a decision as a matter of law as contemplated by CR 56.

6.    The Department order dated April 8, 2013, is correct and is affirmed.

Thomas appealed the proposed decision and order. The Board denied the appeal and adopted the IAJ proposed decision and order as the decision and order of the Board.

Thomas filed an appeal in superior court. The court granted the Department's motion for summary judgment. The order states the undisputed facts establish Thomas filed his 2012 application to reopen more than seven years after the claim was first

closed in 1996. The order granting the Department's motion for summary judgment

states, in pertinent part:

> The undisputed factual record establishes that:
>
> Mr. Thomas filed an application for benefits with the Department for an injury to his low back. On November 2, 1995, the Department issued an order allowing Mr. Thomas; [sic] claim for an injury occurring on October 17, 1995. On December 18, 1996 the Department issued an order which closed Mr. Thomas' claim with a Category II permanent impairment rating. On May 15, 2001, the Department received an application to reopen Mr. Thomas' claim. The reopening application was signed by Mr. Thomas on May 11, 2011. On February 28, 2002, the Department issued an order reopening Mr. Thomas [sic] claim effective May 11, 2001. Mr. Thomas did not protest or appeal this order within 60 days of the order being communicated to him. Mr. Thomas' application to reopen his claim which was received by the Department on November 21, 2012 was filed beyond seven years from the date of first claim closure.

The court concluded that because Thomas did not appeal the order reopening

his claim, the 2002 order was final and binding, and res judicata barred Thomas from

arguing the 1996 order was not a final order.

> Regardless of whether the December 18, 1996 closing order was communicated to Mr. Thomas, the closing order became final and binding when Mr. Thomas failed to protest or appeal the February 28, 2002 order reopening his claim within 60 days of that order being issued. Because Mr. Thomas did not protest or appeal the Department's February 28, 2002 order, it is res judicata that his claim was closed sometime before February 28, 2002. Since it is res judicata that his claim was closed prior to February 28, 2002 it is immaterial whether the Department communicated the December 18, 1996 closing order to Mr. Thomas.

The court affirmed the decision and order of the Board. Thomas appeals.

## ANALYSIS

Thomas seeks reversal of summary judgment dismissing the appeal of the

decision to deny his 2012 claim for disability benefits. Thomas asserts the court erred

in ruling that because he did not appeal the 2002 order reopening his claim, res judicata

bars him from arguing the 1996 order closing his 1995 claim was not a final order.

In an appeal from the Board, the superior court acts in an appellate capacity and reviews the decision de novo "based solely on the evidence and testimony presented to the Board." Leuluaialii v. Dep't of Labor & Indus., 169 Wn. App. 672, 677, 279 P.3d 515 (2012); Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

Our review of the superior court's decision is governed by RCW 51.52.140. RCW 51.52.140 states that an "[a]ppeal shall lie from the judgment of the superior court as in other civil cases." See also Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). We review the superior court decision on summary judgment de novo. Pearson v. Dep't of Labor & Indus., 164 Wn. App. 426, 431, 262 P.3d 837 (2011). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c).

A worker injured in the course of their employment is entitled to compensation under the Industrial Insurance Act (IIA), Title 51 RCW. RCW 51.32.010; Tobin v. Dep't of Labor & Indus., 145 Wn. App. 607, 613, 187 P.3d 780 (2008). If a worker's "total disability is only temporary," the IIA directs the Department to make payments "so long as the total disability continues." RCW 51.32.090(1). Temporary total disability ends "as soon as the claimant's condition has become fixed and stable." Hunter v. Bethel Sch. Dist., 71 Wn. App. 501, 507, 859 P.2d 652 (1993). When a condition is fixed, the Department makes a permanent partial disability award and closes the claim. Dep't of Labor & Indus. v. Slaugh, 177 Wn. App. 439, 446, 312 P.3d 676 (2013); see also Pybus Steel Co. v. Dep't of Labor & Indus., 12 Wn. App. 436, 436-37, 530 P.2d 350 (1975); Robbins v. Dep't of Labor & Indus., 187 Wn. App. 238, 244, 349 P.3d 59 (2015).

A department order "shall become final within sixty days from the date the order is communicated to the parties unless a written request for reconsideration is filed with the department . . . or an appeal is filed with the board of industrial insurance appeals." RCW 51.52.050(1). "Communicated" means the order, decision, or award is received by the party. Shafer v. Dep't of Labor & Indus., 166 Wn.2d 710, 717, 213 P.3d 591 (2009). If a party does not receive a department order, the order does not become final. Shafer, 166 Wn.2d at 719; see also Ochoa v. Dep't of Labor & Indus., 100 Wn. App. 878, 881-82, 999 P.2d 633 (2000) (because order was not "communicated" to the actual employer the order "did not become final and thus had no effect"). After the 60-day appeal period has expired and the department order becomes final, it cannot be appealed. RCW 51.52.050, .060(1).

Under RCW 51.32.160, an injured worker may seek to reopen the claim to receive additional medical treatment. Eastwood v. Dep't of Labor & Indus., 152 Wn. App. 652, 654, 656-57, 219 P.3d 711 (2009). But a worker may seek to reopen a claim for "aggravation" of the disability only after the award is final. RCW 51.32.160(1)(a) provides, in pertinent part:

> If aggravation, diminution, or termination of disability takes place, the director [of the Department] may, upon the application of the beneficiary, made within seven years from the date the first closing order becomes final, or at any time upon his or her own motion, readjust the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: PROVIDED, That the director may, upon application of the worker made at any time, provide proper and necessary medical and surgical services as authorized under RCW 51.36.010.

Therefore, an order closing a claim is a condition precedent to filing an application to reopen that claim. See State ex rel. Stone v. Olinger, 6 Wn.2d 643, 647,

11

108 P.2d 630 (1940) ("A 'reopening' of a claim connotes a former closing."); Reid v. Dep't of Labor & Indus., 1 Wn.2d 430, 437, 96 P.2d 492 (1939) ("It is a condition prerequisite to the reopening of a claim for additional compensation by reason of aggravation of disability that there be a determination as to the disability and the rate of compensation to be awarded therefor."); Eastwood, 152 Wn. App. at 654.

Washington courts view an industrial insurance claim broadly as one cause of action for purposes of res judicata. See Dinnis v. Dep't of Labor & Indus., 67 Wn.2d 654, 657, 409 P.2d 477 (1965) (res judicata applied to disability determination in a closing order to preclude worker from arguing his disability at the time his claim closed was greater than the Department had awarded).

The doctrine of claim preclusion applies to a final order of the Department "as it would to an unappealed order of a trial court." Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 537, 886 P.2d 189 (1994). "An unappealed Department order is res judicata as to the issues encompassed within the terms of the order." Kingery v. Dep't of Labor & Indus., 132 Wn.2d 162, 169, 937 P.2d 565 (1997).

Assuming Thomas did not receive the 1996 order closing his claim and the order was not a final order, the Department erred in issuing the February 28, 2002 order reopening his claim. However, because Thomas did not protest or appeal the 2002 order reopening his claim, res judicata bars Thomas from arguing the 1995 claim was not closed in 1996. "The failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim." Marley, 125 Wn.2d at 538.

The Department asserts the facts in this case are indistinguishable from Singletary v. Manor Healthcare Corp., 166 Wn. App. 774, 271 P.3d 356, review denied 175 Wn.2d 1008, 285 P.3d 885 (2012). We agree.

In Singletary, Singletary filed an application for worker's compensation benefits in 2001. The Department allowed the claim. Singletary, 166 Wn. App. at 778. The Department closed the claim in 2002 but Singletary never received the order. Singletary, 166 Wn. App. at 778. However, in June 2003, Singletary filed an application to reopen her claim for aggravation of her injury. In the application, Singletary stated her claim was closed on June 27, 2002. Singletary, 166 Wn. App. at 778. The Department reopened the claim. Singletary, 166 Wn. App. at 778. Two years later, the Department closed the claim "with time loss compensation as paid to January 24, 2004 but without a further award for time loss or permanent partial disability." Singletary, 166 Wn. App. at 778-79.

Singletary appealed the decision to the Board. Singletary, 166 Wn. App. at 779. Singletary argued the Board did not have jurisdiction to reach the merits of her claim because she never received the order closing her claim in 2002. Singletary, 166 Wn. App. at 779. The Board rejected her argument. Singletary, 166 Wn. App. at 779. The superior court affirmed. Singletary, 166 Wn. App. at 779-80.

On appeal, we concluded that because Singletary never received the 2002 order closing her claim, the decision of the Department to reopen her claim was legally erroneous. Singletary, 166 Wn. App. at 781-82. Nonetheless, because the Department had subject matter jurisdiction to adjudicate and enter the order, the order became "final and binding on all parties" when "they [did] not appeal it within the specified time frame."

Singletary, 166 Wn. App. at 784, 782. We held that because Singletary did not appeal the order reopening, "it is res judicata that her claim was closed sometime before the Department's 2003 order reopening it," and "it is immaterial whether [the employer] communicated its 2002 closing order to Singletary." Singletary, 166 Wn. App. at 784.

Thomas claims that even if Singletary controls, under Ashenbrenner v. Department of Labor & Industries, 62 Wn.2d 22, 380 P.2d 730 (1963), the decision does not apply retroactively. Ashenbrenner does not support his argument.

In Ashenbrenner, the Department awarded the claimant disability benefits according to the statutory rate in effect at the time of her injury. Ashenbrenner, 62 Wn.2d at 23. The claimant argued she was entitled to benefits under an amended statute in effect on the date the Department determined she was permanently disabled. Ashenbrenner, 62 Wn.2d at 23. The Washington Supreme Court held that absent clear legislative intent to the contrary, the law in effect on the date of the injury controls, and affirmed. Ashenbrenner, 62 Wn.2d at 26-27.

> "It is a fundamental rule in this state that a statute will be presumed to operate prospectively only, and that it will not be held to apply retrospectively in the absence of language clearly indicating such legislative intent. [Citing cases.]
> "It is also the general rule in this state that awards payable under the workmen's compensation act are governed by the law in effect at the time the injury to the workman occurred. [Citing cases.]"

Ashenbrenner, 62 Wn.2d at 25[9] (quoting Lynch v. Dep't of Labor & Indus., 19 Wn.2d 802, 807, 145 P.2d p. 265 (1944)).

Here, unlike in Ashenbrenner, Thomas does not challenge the retroactive application of a statute. Because the court in Singletary relied on established legal precedent, we reject the argument that Singletary does not apply.

---

[9] Alterations in original.

14

Thomas also relies on Somsak v. Criton Technologies/Heath Tecna, Inc., 113 Wn. App. 84, 52 P.3d 43 (2002), to argue the doctrine of res judicata does not apply. In Somsak, the claimant received four orders regarding her benefits. Somsak did not appeal the first three orders closing her claim. Somsak, 113 Wn. App. at 92-93. But Somsak appealed the fourth order. The fourth order issued by the Department explained the basis of the rate calculation for the first time. Somsak, 113 Wn. App. at 89. We held res judicata did not bar the appeal of the first three orders because those orders "failed to clearly advise her of time-loss compensation's underlying factual basis." Somsak, 113 Wn. App. at 92-93.

Finally, Thomas claims his right to due process was violated because he did not receive the 1996 order closing his claim. Due process requires notice that is " 'reasonably calculated, under all the circumstances,' " to apprise the party of the pendency of the action and afford an opportunity to present objections. Kustura v. Dep't of Labor & Indus., 142 Wn. App. 655, 675-76, 175 P.3d 1117 (2008) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). There is no due process violation if a party had actual notice. In re Petition of City of Seattle to Acquire Land & Other Prop., 56 Wn.2d 541, 545, 353 P.2d 955 (1960).[10] Here, the undisputed record shows that when Thomas filed his application to reopen in 2001, he had actual notice that his claim had been closed in December 1996.

---

[10] See, e.g., Pub. Util. Dist. No. 2 of Grant County v. N. Am. Foreign Trade Zone Indus., LLC, 159 Wn.2d 555, 585, 151 P.3d 176 (2007) (no due process violation where landowner received actual notice); In re Welfare of Aschauer, 93 Wn.2d 689, 698, 611 P.2d 1245 (1980) (no due process violation where actual notice of parenting deficiencies); Ord v. Kitsap County, 84 Wn. App. 602, 607-08, 929 P.2d 1172 (1997) (due process arguments "without merit" where party received actual notice); Lehner v. United States, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (no due process violation despite appellant's allegation that notice of foreclosure sale was mailed to wrong address where appellant "clearly . . . knew the foreclosure sale was imminent").

In his 2001 application to reopen, Thomas unequivocally states the date the claim closed was "12/  /96."

We affirm the superior court order dismissing the appeal of the order of the Board.

WE CONCUR:

_____
Trickey, J

_____
Becker, J.