[No. 27647.   Department One.   November 27, 1939.]

FRANK REID, *Respondent*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 96 P. (2d) 492.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for appellant.

*W. H. Sibbald,* for respondent.

MILLARD, J.—Frank Reid, age thirty-seven years, while employed as a common laborer in building a bridge March 30, 1932, sustained an injury to his left ankle and instep as the result of a log falling on his left foot. Thirty years continuously prior to the date of the accident, Reid suffered from tuberculosis of the right hip, by reason of which disease his right leg was six inches shorter than his left leg. From April, 1932, when Reid filed his claim for compensation with the department of labor and industries, to the present time, the claimant has been represented by four different attorneys.

July 15, 1932, the department entered an order terminating the time loss compensation of Reid to July 17, 1932, and awarding him no permanent partial disability by reason of the injury sustained by Reid March 30, 1932. A rehearing was had before the joint board of the department September 8, 1932, on application of the claimant therefor. It was the position of the claimant that, by reason of the crippled condition of his right leg and the increased burden placed thereon by the injury to his left leg, he was entitled to an award for permanent partial disability. The medical examiner for the department reported that there was not any disability because of the injury of March 30, 1932, to the claimant's left foot and leg; hence, there could not be increased disability due to a combination of that injury and the tuberculosis osteo-myelitis of

the right hip and shortening of the right leg from which the claimant had suffered for thirty years; that all of the disability present was due to the tuberculous process in the right hip, which has no connection with the injury of March 30, 1932.

The claimant's request of October 22, 1932, for a further examination was granted. The examining physician reported November 4, 1932, that his inspection of the X-ray pictures of claimant's left leg disclosed that the claimant had a fracture of the external malleolus, and that there was no evidence of any bony destructive process or of infection. The joint board entered an order November 7, 1932, directing payment of time loss to the claimant to October 5, 1932, and that the claimant be again examined by another physician. The claim was closed by the supervisor of the department December 5, 1932, with time loss to December 2, 1932.

In his application, filed January 18, 1933, for rehearing, Reid claimed permanent partial disability on the ground that, at the time of the injury of March 30, 1932, he suffered a fracture of the bones of his left ankle, together with a tearing of the ligaments which formed the basis of his left foot and ankle, thereby sustaining permanently broken arches. In that application for rehearing, the petitioner stated that the disease of his right hip and right leg so crippled him as to require the use of a crutch when moving around, and that the combined effects of the new injuries to his left leg and the serious condition of his right leg and right hip rendered him permanently partially disabled.

The evidence is not to the effect that, because of the injury to his left leg, he was compelled to use a crutch. The evidence is that the claimant used a

crutch prior to that injury because of the shortened right leg.

On the rehearing, the joint board found October 29, 1934, that the claimant failed to prove that the supervisor's order closing the claim was erroneous; that the preponderance of medical testimony was conclusive that the claimant had no permanent partial disability as a result of the injury; and that the disability, if any, suffered by the claimant was due wholly to the admitted and evident condition of the right leg which long preexisted the claimant's injury of March 30, 1932. However, the joint board concluded that the claimant should be given the benefit of any doubt as to permanent partial disability and entered an order awarding the claimant fifteen degrees permanent partial disability and closing the claim. Pursuant thereto, the supervisor paid four hundred and fifty dollars November 19, 1934, to the claimant's then attorney.

A third attorney representing the claimant gave notice December 13, 1934, to the department of claimant's appeal to the superior court from the order of November 19, 1934, mentioned above. That attorney advised the department by letter January 8, 1935, of claimant's withdrawal of his appeal; however, the appeal was not withdrawn. While that appeal was lying dormant in the superior court, claimant retained another attorney, who now represents him. That attorney demanded of the department in letter dated November 19, 1937, "reappraisement of this injury," as "since said time [November 19, 1934, date of payment of award of $450.00 to claimant] the foot has not healed."

The department advised claimant's attorney November 29, 1937, that the department did not understand whether the claimant sought reappraisement on the basis of obtaining further permanent partial dis-

ability award or whether he sought a reopening of the case on the ground of aggravation of disability. An application form was transmitted to claimant's attorney with the request, if reopening on the ground of aggravation of disability was desired, to execute in detail that form and return it to the department. Doubtless, the application was entertained by the department on the theory that the appeal from the order of November 19, 1934, of the joint board was withdrawn pursuant to the letter under date of January 8, 1935, of the claimant's then attorney in which the department was advised that "we are withdrawing the appeal." That is, the acceptance by the claimant of the finding and order of the joint board constituted a final determination on which to base an application for a reopening of the claim on the ground of change in the claimant's condition. Rem. Rev. Stat., § 7679 [P. C. § 3472], subd. (h).

The claimant was called to Olympia, where he underwent examination by a physician of the department, who reported that the claimant had a complete and full range of motion in his left ankle joint and in all the tarsal joints of the foot; that there was no evidence of any aggravation of the condition of the claimant since the closing of his claim; and that there was not on that date (December 23, 1937) permanent partial disability of the ankle.

On January 8, 1938, the department advised the claimant through his present attorney that, according to the findings of December 23, 1937, of the department's medical examiner, there had not been any aggravation of the claimant's condition as the result of his injury of March 30, 1932, since the closing of his claim, and that he had been adequately compensated for his disability; therefore, the claim would remain closed

as paid in accordance with the department's final order of November 19, 1934.

On the ground that the claimant's injury had become aggravated, the claimant (for the first time) through his present attorney petitioned the joint board January 13, 1938, for a rehearing. The petition was granted March 16, 1938. The department requested the attorney general March 15, 1938, to obtain dismissal of the appeal taken by the claimant to the superior court for Cowlitz county in December, 1934, from the joint board's final order of November 19, 1934. The department informed the attorney general that, while the then attorney of the claimant advised the department January 8, 1935, of the withdrawal of the appeal, no order was ever entered dismissing the appeal and no further steps had been taken since receipt of advice of withdrawal of the appeal.

The department's motion in the superior court for Cowlitz county May 20, 1938, for dismissal of the appeal of the claimant from the joint board's order of November 19, 1934, on the ground that the same had been abandoned, was denied. May 31, 1938, the joint board entered an order denying claimant's petition of January 13, 1938, for a rehearing on the ground of aggravation of the claimant's condition. The claimant appealed June 3, 1938, to the superior court for Cowlitz county from that order.

Both appeals were tried February 15, 1939, to the superior court for Cowlitz county, sitting without a jury. On the first appeal (the one from the joint board's order of November 19, 1934), the trial court found the claimant entitled to twenty-five degrees additional permanent partial disability. On the appeal from the joint board's order of May 31, 1938, the trial court was of the view that the cause should be remanded to the department with direction to take testi-

mony relative to the aggravation, if any, of the claimant's injury. Judgments were entered accordingly. The department appealed from those two judgments.

Clearly, the respondent could not have two appeals (one from the order of November 19, 1934, and one from the order of May 31, 1938) pending in the same action involving the same injury at the same time in which he raises, first, the question of the sufficiency of an award for permanent partial disability; and, second, the question of aggravation of the condition which previously existed. The second question—that of aggravation of disability—raised by the second appeal could not be reviewed if the first appeal were entertained. We are convinced by our examination of the record that the trial court did not abuse its discretion in refusing to dismiss the first appeal on the motion of the department, in view of the equal remissness of appellant and respondent.

The burden of proof is upon the party attacking the decision of the department, which decision, under the statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]) shall be *prima facie* correct. There is no evidence, other than the testimony of the claimant and one other respecting subjective symptoms, to overcome the *prima facie* correctness of the department's order of November 19, 1934; in fact, the evidence is overwhelming that the claimant has no permanent partial disability that could reasonably be attributed to the injury that he received March 30, 1932. The facts do not bring this case within the rule

" . . . that, if an injury, within the statutory meaning, lights up or makes active a latent or quiescent infirmity or weakened physical condition occasioned by disease, then the resulting disability is to be attributed to the injury, and not to the preexisting physical

condition." *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764.

Under the statute (Rem. Rev. Stat., § 7679, subd. (f)), if respondent's ankle joint were completely ankylosed, the award could not exceed four hundred and sixty-eight dollars. The department awarded to respondent four hundred and fifty dollars, and the evidence is that there was a considerable amount of rotation and action of the left ankle, hence the award is in harmony with the statutory provision. Under Rem. Rev. Stat., § 7679, subd. (f), the highest award for disability to a member not involving amputation is far less than the amount awarded by the trial court; therefore, that award is clearly erroneous. Besides, there is no evidence to support such an award.

It is a condition prerequisite to the reopening of a claim for additional compensation by reason of aggravation of disability that there be a determination as to the disability and the rate of compensation to be awarded therefor, and the further condition that there be a change in the claimant's condition since that determination. That is to say, until there has been a final determination as to the amount of the award to which a claimant is entitled, there cannot be entertained a claim for aggravation; as the standard by which to determine the award for aggravation, diminution, or termination of disability (Rem. Rev. Stat., § 7679) is the difference between original award and the amount to which he would be entitled because of his condition subsequent thereto.

Until disposition was made of the appeal of the respondent from the order of November 19, 1934, awarding him fifteen degrees permanent partial disability, there was no basis for a claim for aggravation of disability. There could be no showing of a change in the respondent's condition until that ques-

tion was finally determined, either by acceptance by the department and the claimant of the trial court's disposition of the appeal to it or subsequent to this court's final disposition of the appeal of the department or the respondent from the trial court's disposition of the appeal to it from the final order of the joint board. After such determination, the director of the department may, upon the application of the beneficiary made within three years after such determination, readjust for further application the rate of compensation in accordance with the rules provided in the workmen's compensation act. (Rem. Rev. Stat., § 7679, subd. (h).)

The judgments are reversed, with direction to the trial court to affirm the joint board's order awarding the respondent fifteen degrees permanent partial disability and to dismiss the respondent's appeal from the joint board's order of May 31, 1938.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.