IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| ZBIGNIEW M. LASKOWSKI, | ) | |
| | ) | No. 40069-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Zbigniew Laskowski appealed a Department of Labor and Industries (Department) order that closed his workers compensation claim. While that appeal was pending, Laskowski filed an application to reopen his claim. The Department informed Laskowski that it would not act on his application until the appeal was resolved.

After the mandate on the appeal was issued, the Department denied Laskowski's application to reopen. Laskowski appealed this denial to the Board of Industrial Insurance Appeals (Board), arguing that his application should be "deemed granted" because the Department failed to act on it within 90 days, as required by RCW

51.32.160(d). The Board rejected Laskowski's argument and affirmed the denial,

concluding that the Department's original closing order had not become final because the

appeal was pending. Laskowski then appealed the Board's decision to the superior court,

which adopted the Board's findings and conclusions, affirming the denial of his

application.

Laskowski now appeals to this court, arguing that the superior court erred by

adopting the Board's conclusions. He contends that his application to reopen should be

"deemed granted" under RCW 51.32.160(d) and WAC 296-14-400, offering several

interpretive arguments in support of his claim. He also seeks an award of attorney fees.

We affirm the Board's decision and deny Laskowski's request for attorney fees.

The Department acted properly by waiting to act on the application until the original

appeal was finalized and the denial of the application was timely.

BACKGROUND

The following facts and procedural history are based on the jurisdictional record

within the certified administrative board record, as stipulated to by Laskowski, and the

superior court's unchallenged findings of fact. Additional details are drawn from

Division Two's opinion in *Laskowski v. Dep't of Lab. & Indus.*, 12 Wn. App. 2d 806, 460

P.3d 697 (2019).

In 2006, the Department allowed Laskowski's claim for a work-related back injury and provided benefits. In 2008, the Department closed the claim with a Category III permanent partial disability (PPD) award.

In 2010, Laskowski successfully applied to reopen his claim. However, in May 2015, the Department closed the claim again, this time with no additional PPD award, finding that further treatment was unnecessary. Laskowski appealed this closing order to the Board.

Before the Board, the parties agreed to resolve the disputed issues through a binding medical examination. *Id.* at 808. The examiner concluded that no additional treatment was necessary but recommended increasing Laskowski's PPD award to category IV. *Id.* at 808-09. Based on the examiner's conclusions, the Board issued an "Order on Agreement of Parties" (OAP), which reversed the Department's closing order and remanded the claim for the Department to pay the category IV PPD award and then close the claim. *Id.*

*Laskowski Appeals to Superior Court and Applies to Reopen the Claim*

In October 2016, the Department complied with the OAP, paying Laskowski a category IV award and closing the claim. One day later, Laskowski appealed the OAP to superior court.

In March 2018, while the appeal was pending, Laskowski submitted another application to reopen his claim. One month later, the Department acknowledged receipt of the application but informed Laskowski that it lacked jurisdiction to act on the application until the superior court entered judgment resolving his appeal. In May 2018, the superior court affirmed the Board's OAP.

*Appellate Court Review*

In June 2018, Laskowski petitioned the Washington State Supreme Court for direct review of the superior court's decision. Meanwhile, in July 2018, the Department initially denied Laskowski's March 2018 application to reopen the claim. Then, in October 2018, after a series of protests, the Department declared its denial "null and void," citing its lack of authority to act while Laskowski's appeal was pending.

In January 2019, the Washington State Supreme Court denied direct review and transferred the case to the Court of Appeals. In the appeal, Laskowski raised various challenges to the binding medical examination, but the Court of Appeals rejected his arguments and affirmed the superior court's decision. *Id.* at 810-14.

In July 2020, the Washington State Supreme Court denied review of the Court of Appeals decision. *Laskowski v. Dep't of Lab. & Indus.*, 195 Wn.2d 1024, 466 P.3d 779 (2020). Subsequently, the Court of Appeals issued its mandate on September 18, 2020, sending the case back to the superior court.

4

No. 40069-7-III
*Laskowski v. L&I*

*The Department Denies Laskowski's March 2018 Application to Reopen*

Six days after the Court of Appeals issued its mandate, on September 24, 2020, the

Department formally denied Laskowski's March 2018 application to reopen his claim.

Laskowski appealed this decision to the Board, arguing that his March 2018 application

to reopen was deemed granted because the Department failed to act within 90 days of

receiving it as required by law.

The Board disagreed, concluding that the Department had timely denied his claim

under WAC 296-14-400.  Laskowski then appealed to the superior court, which affirmed

the Board's decision.  The superior court adopted the Board's findings and conclusions,

including the following conclusions relevant to this appeal:

> 2. The Department's May 14, 2015 order closing claim was not final until
>    the Department received the Thurston County Superior Court judgment
>    reversing the order closing the claim [pursuant to the Court of Appeals
>    mandate].
>
> 3. The Department acted on Mr. Laskowski's application to reopen his
>    claim within 90 days of receiving it, consistent with RCW 51.32.160(d).

Clerk's Papers at 100-101.

Laskowski timely appeals.

ANALYSIS

Laskowski's appeal centers on a single issue: whether his March 2018 application

to reopen his claim—filed while the closing order was still on appeal—should be

5

considered "deemed granted" under RCW 51.32.160(1)(d). Laskowski asserts that it should, and argues that the superior court erred in concluding otherwise.

The Department, on the other hand, maintains that a claim cannot be reopened if it has not yet been closed. According to the Department, Laskowski's claim did not officially close until the Court of Appeals issued its mandate. Furthermore, the Department contends that it acted on Laskowski's application to reopen within the required timeframe, meaning the application was not "deemed granted." We agree with the Department.

A. *Legal Principles Governing Workers' Compensation Claim Closing and Reopening*

A person injured in the course of their employment may seek workers' compensation benefits from the Department. *See* RCW 51.32.010. When a worker suffers a PPD, the Department ceases payment for treatment upon issuing an award of compensation for the injury. RCW 51.36.010(4). Once the Department determines that a worker's condition is stable, it issues a closing order. *Shafer v. Dep't of Lab. & Indus.*, 166 Wn.2d 710, 213 P.3d 591 (2009) (citing RCW 51.32.160(1)(b)).

After a claim is closed, a worker may apply to reopen the claim if there is an aggravation of the disability. RCW 51.32.160(1)(a). To succeed in reopening a claim, the worker must establish the following:

> (1) The causal relationship between the injury and the subsequent disability must be established by medical testimony.

6

(2) The claimant must prove by medical testimony, some of it based upon objective symptoms, that an aggravation of the injury resulted in increased disability.

(3) The medical testimony must show that the increased aggravation occurred between the terminal dates of the aggravation period.

(4) A claimant must prove by medical testimony, some of it based upon objective symptoms which existed on or prior to the closing date, that his disability on the date of the closing order was greater than the supervisor found it to be.

*Eastwood v. Dep't of Lab. & Indus.*, 152 Wn. App. 652, 657-58, 219 P.3d 711 (2009) (citing *Phillips v. Dep't of Lab. & Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956)).

The first terminal date is the date of the last previous claim closure or denial of an application to reopen a claim for aggravation; the second terminal date is the date of the most recent closure or denial of an application to reopen a claim for aggravation. *Karniss v. Dep't of Lab. & Indus.*, 39 Wn.2d 898, 901-02, 239 P.2d 555 (1952).

If the Department fails to act on an application to reopen within 90 days, the application is "deemed granted," unless the Department extends the time frame by 60 days for good cause. RCW 51.32.160(1)(d); WAC 296-14-400. However, the 90-day limitation "will not apply in instances where the previous closing order has not become final." WAC 296-14-400.

B. *Claim Appeal Procedure and Standard of Review*

A worker aggrieved by a Department decision may appeal to the Board. RCW 51.52.060(1)(a), .050(2)(a). Decisions of the Board may then be appealed to the superior

court, which reviews the Board's decision de novo. RCW 51.52.110, .115; *Grimes v. Lakeside Indus.*, 78 Wn. App. 554, 560, 897 P.2d 431 (1995). The findings and decision of the Board are presumed correct until the superior court finds otherwise by a preponderance of the evidence. *Dep't of Lab. & Indus. v. Moser*, 35 Wn. App. 204, 208, 665 P.2d 926 (1983).

The superior court's decision may then be appealed to this court. RCW 51.52.140. On appeal, we review the superior court's decision to determine whether its findings are supported by substantial evidence and whether those findings support the conclusions of law. *Du Pont v. Dep't of Lab. & Indus.*, 46 Wn. App. 471, 476-77, 730 P.2d 1345 (1986).[1] Once we complete our review, we issue a "mandate," which is a written notification of an appellate court decision terminating review. RAP 12.5(a). Our decision does not take effect until we issue the mandate. RAP 12.2.

*C. Analysis*

It is well established that, "[u]nder the Industrial Insurance Act (IIA), the Department errs if it reopens a workers' compensation claim for further treatment based on worsening of the injury before there is a final order closing the worker's claim." *Singletary v. Manor Healthcare Corp.*, 166 Wn. App. 774, 782, 271 P.3d 356 (2012) (citing *Reid v. Dep't of Labor and Indus.,* 1 Wn.2d 430, 436–38, 96 P.2d 492 (1939)).

---

[1] Laskowski does not challenge any of the superior court's findings of fact, so they are verities on appeal. *Moreman v. Butcher*, 126 Wn.2d 36, 39, 891 P.2d 725 (1995).

In *Reid*, the Department denied a reopening application, believing that the prior closing order was final. 1 Wn.2d at 435. The Supreme Court held that the superior court erred in considering the appeal of the reopening denial because the closing order was still under appeal and not yet final. *Id.* at 437. The court explained,

> [i]t is a condition pre-requisite to the reopening of a claim for additional compensation by reason of aggravation of disability that there be a determination as to the disability and the rate of compensation to be awarded therefor; and the further condition that there be a change in the claimant's condition since that determination. That is to say, until there has been a final determination as to the amount of the award to which a claimant is entitled, there can not be entertained a claim for aggravation as the standard by which to determine the award for aggravation, diminution or termination of disability . . . is the difference between original award and the amount to which he would be entitled because of his condition subsequent thereto.

*Id.* The court further stated that, until there was a disposition in the appeal from the closing order, "there was no basis for a claim for aggravation of disability." *Id.* Ultimately, the court affirmed the Department's closing order and dismissed the appeal of the reopening denial. *Id.* at 438.

Applying *Reid* to this case, the Department could not act on Laskowski's reopening application until the Court of Appeals issued its mandate affirming the closing order. Before the mandate, there was still the possibility that the closing order could be reversed, which would leave the claim open. Consequently, the 90-day clock on the "deemed granted" provision did not begin until the mandate was issued, as clarified by

9

WAC 296-14-400: "The ninety-day limitation will not apply in instances where the previous closing order has not become final."

Accordingly, the superior court did not err in concluding that the order closing the claim was not "final" until the Department received the superior courts judgment reversing the order closing the claim (pursuant to the Court of Appeals mandate). In addition, the superior court correctly concluded that the Department acted timely within 90 days of receiving Laskowski's application to reopen the claim.

Laskowski raises several interpretive arguments challenging the superior court's conclusions, which we address below.

The rules of statutory construction apply to administrative regulations. *State v. Burke*, 92 Wn.2d 474, 478, 598 P.2d 395 (1979). Our review is de novo, but we give substantial weight to an agency's interpretation of statutes and regulations within its area of expertise. *Roller v. Dep't of Lab. & Indus.*, 128 Wn. App. 922, 926-27, 117 P.3d 385 (2005). We will uphold an agency's interpretation of a regulation if it reflects a plausible construction of the statutory language and is not contrary to the legislature's intent. *Id*. at 927.

If a regulation is clear on its face, its meaning is derived from its plain language. *Dep't of Licensing v. Cannon*, 147 Wn.2d 41, 56, 50 P.3d 627 (2002). "[R]egulations are interpreted as a whole, giving effect to all the language and harmonizing all provisions."

*Id.* at 57. If a regulation does not define a term, we use its usual and ordinary dictionary definition. *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 781, 418 P.3d 102 (2018).

Laskowski argues that the superior court's interpretation of "final" in WAC 296-14-400 conflicts with RCW 51.52.050. He seems to argue that the word "final" is ambiguous, asserting that a "final" order is one that can be appealed or one that can no longer be appealed. To support this argument, he cites RCW 51.52.050(1),[2] which states that any Department order, decision, or award "shall become final within sixty days from the date the order is communicated to the parties [unless a request for reconsideration or appeal is made]." Accordingly, Laskowski contends that the May 2015 closing order was "final" under WAC 296-14-400 when issued, and that the Department's failure to act on his application within 90 days meant his application should have been deemed granted.

The Department, citing to a dictionary, contends that "final" is unambiguous and means "final and binding," after all appeals have been exhausted.

We agree with the Department's interpretation. The term "final" in WAC 296-14-400 is not ambiguous. Because it is undefined, we resort to the dictionary, which defines "final" as "a court finding that is conclusive as to jurisdiction and precluding the right to appeal or continue the case in any other court upon the merits." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 851 (2002). Applied here, the May 2015 closing order

---

[2] This statute governs, in part, service of Department orders and reconsideration or appeal of those orders. *See* RCW 51.52.050.

became "final" within the plain language of WAC 296-14-400 when the Court of Appeals issued its mandate. At that point, Laskowski could no longer appeal or continue to challenge the closing order. This interpretation aligns with the Supreme Court's reasoning in *Reid*, which held that until a closing order is fully resolved on appeal, there is no basis for reopening a claim. *Reid*, 1 Wn.2d at 437.

Conversely, Laskowski's interpretation of "final" as "appealable" would render WAC 296-14-400 meaningless. A construction that would render a portion of the regulation meaningless or superfluous should be avoided. *Ford Motor Co. v. City of Seattle*, 160 Wn.2d 32, 41, 156 P.3d 185 (2007). As the Department correctly points out, every closing order is appealable to the Board and courts when issued. *See* RCW 51.52.050, .060, .110, .115. If "final" as used in WAC 296-14-400 meant "appealable," then every closing order would be "final" when issued, and there would be no instance in which a closing order would not be "final."

Laskowski also argues that because WAC 296-14-600(5) (governing asbestos claims) uses the term "final and binding," the use of "final" in WAC 296-14-400 must mean "appealable." *See* Br. of Appellant at 14, 17. This argument is unconvincing. WAC 296-14-600 is not applicable here, and Laskowski provides no authority suggesting the two regulations should be read together.

Laskowski argues that WAC 296-14-400 conflicts with the stay provisions within RCW 51.52.050 and RCW 51.52.110. Specifically, he contends that the Department was

required to seek a stay in order to delay acting on his reopening application. Because the Department did not seek a stay while his appeal was pending, he argues his application to reopen should be deemed granted. This argument is unpersuasive.

First, RCW 51.52.050 does not support Laskowski's claim. Contrary to his assertion, the statute does not state that "absent a stay the Department must continue to process the claim." Br. of Appellant at 19. Instead, RCW 51.52.050(2)(b) allows employers—not the Department—to seek a stay in certain circumstances. That provision is plainly irrelevant here.

Second, RCW 51.52.110's stay provision does not apply. This statute governs appeals of Board decisions to the superior court and specifies that "an appeal shall not be a stay." However, this case does not involve an appeal of a Board order to the superior court. Rather, it concerns the Department's decision to deny Laskowski's application to reopen his claim. Thus, RCW 51.52.110's stay provision is inapplicable.

Because neither stay provision applies to the Department's handling of Laskowski's reopening application, his argument that WAC 296-14-400 conflicts with these statutory provisions lacks merit.

Next, Laskowski cites to the Board decision *In re David Spitzner*,[3] arguing that it establishes the principle that "the Board may further adjudicate claim matters when there

---

[3] Nos. 17 24346, 17 24346-A, 17 2534, 2018 WL 6111425 (Wash. Bd. Indus. Ins. App. Oct. 29, 2018).

is an appeal pending at superior court." Br. of Appellant at 19. However, *Spitzner* is not

binding on this court. *Wells v. Olsten Corp.*, 104 Wn. App. 135, 141, 15 P.3d 652 (2001)

(the Board's actions are not binding on this court). Regardless, the case is

distinguishable. *Spitzner* involved a worker's appeal of Department orders segregating a

condition as unrelated to the claim and closing the claim without a PPD award. In

contrast, Laskowski's case pertains to the Department's decision on a reopening

application.[4]

Laskowski also argues that the superior court's decision conflicts with RCW

51.12.010, which provides that Title 51 "shall be liberally construed for the purpose of

reducing to a minimum the suffering and economic loss arising from injuries and/or death

occurring in the course of employment." *See* Br. of Appellant at 20. This argument is

likewise unpersuasive. We do not apply the liberal construction statute to regulations that

are unambiguous. *Harris v. Dep't of Lab. & Indus.*, 120 Wn.2d 461, 474, 843 P.2d 1056

(1993). Because the relevant statutes and regulations here are not ambiguous, there is no

need to invoke the liberal construction statute.

Alternatively, Laskowski argues in a single sentence, without any supporting

authority, that if his application is not deemed granted, this court should remand the case

---

[4] Because we conclude that *Spitzner* does not apply to this case, we decline to
address Laskowski's "three possible scenarios," which lack supporting authority and rely
on his incorrect application of *Spitzner* to the facts of this case.

14

to the Board to allow him to present medical testimony. However, Laskowski failed to preserve this argument. He did not raise it before the Board or in superior court. Instead, Laskowski expressly agreed that the sole issue in this case was whether his application to reopen was "deemed granted" under RCW 51.32.160(d). Because he raises this argument for the first time on appeal, we decline to review it. *See* RAP 2.5(a).

Laskowski cites two Board cases to support the argument that "[f]iling an abeyance order on a reopening application requires that the Department make a decision on allowance within 90 days of the abeyance order, or it is deemed granted." *See* Br. of Appellant at 9-10 (citing *In re Raymond Belden*, No. 12 14005, 2013 WL 3185963 (Wash. Bd. Indus. Ins. App. Mar. 13, 2013); *In re Ingrid Evanoff*, No. 08 18344, 2008 WL 6072914 (Wash. Bd. Indus. Ins. App. Sept. 17, 2008)). However, Laskowski does not explain how these cases apply to his situation. As such, we decline to consider this argument. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

The superior court correctly concluded that the Department timely denied Laskowski's reopening application. We affirm the Board's order and deny Laskowski's request for attorney fees on appeal. *See* RAP 18.1; RCW 51.52.120.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.

16